PARHAM SEWING MACHINE COMPANY *vs.* JETHRO C. BROCK
& others.

SAME *vs.* JAMES H. DELANO & others.

The sureties upon a bond with the condition that the principal shall pay for all purchases made by him from the obligee, are not discharged from liability by the obligee's taking the notes of the principal for purchases made by him.

The sureties upon a bond the condition of which is that the principals, who are partners, shall pay all notes given by them to the obligee, are not discharged from their liability for notes given to the obligee by the firm, by the fact that, after the dissolution of the firm, one of the principals, without authority to use the firm's name, gave notes in that name, which were accepted by the obligee as substitutes for the firm notes.

The sureties upon a bond with the condition that the principal shall pay for all purchases made by him from the obligee, are not discharged from liability by the obligee's taking the joint note of the principal and another person, for purchases made by the principal.

The condition of a bond that the principal shall pay "all notes, acceptances and other obligations whatever," given by him for his indebtedness, is applicable not alone to his several notes, but also to notes, if given for his indebtedness, in which other parties are joint promisors with him.

The sureties upon a bond with the condition that the principal shall pay for all purchases made by him from the obligee, are not liable for purchases made from the obligee by a partnership of which the principal has subsequently become a member.

ACTIONS OF CONTRACT for breaches of the conditions of the bonds severally declared on.   Upon the hearings in the Superior Court, before *Devens*, J., to determine the amount for which executions should issue, the defendants alleged exceptions.   The facts are fully stated in the opinion of the court.

*P. E. Tucker*, for the defendants.

*J. A. Loring*, for the plaintiffs.

ENDICOTT, J. In the first of these cases, Brock and Delano having been appointed agents for the plaintiffs to sell their machines, a bond was given by them with sureties, whereby the obligors bound themselves to pay for all machines purchased of the plaintiffs, and also to pay " the amount of all notes, acceptances and other obligations whatsoever," which Brock and Delano should give to the plaintiffs on account of machines purchased. The time was not limited during which the sureties should be bound, nor was the amount of credit to be given to Brock and Delano limited. Brock and Delano dissolved partnership July 13, 1870, and the plaintiffs then held their notes, which had been given for sales and which were not due till after that time. When these notes fell due, Delano, who undertook to settle the affairs of the firm, but had no authority to sign notes or contracts, gave to the plaintiffs other notes signed " Brock and Delano." The old notes were not given up, and both were held till the last matured. There was no evidence to show that the plaintiffs received these notes in payment of the first notes.

The sureties on this bond contend that they are discharged from liability on the first notes. The presumption in Massachusetts, that a note is payment of a contract debt, is subject to qualification, and may be rebutted and controlled by evidence or by the admitted facts of a case. And it has been uniformly held that the presumption of payment is controlled, where its effect would be to deprive the party who takes the note of his collateral security, or any other substantial benefit. An early case, *Maneely* v. *McGee*, 6 Mass. 143, decided that taking the note of one of four persons who had jointly employed the plaintiff did not discharge the others. In *Butts* v. *Dean*, 2 Met. 76, a bond having been given to secure the balance of an account, it was held that the sureties were not discharged, because the principal debtor had given his note for the balance. In *Appleton* v. *Parker*, 15 Gray, 173, the time of credit to be given was named in the bond, and it was held that an extension of the time beyond the stipulated period discharged the surety. That case was decided on the express provisions of the bond, time having been given to the debtor, but the general rule above stated is in terms

affirmed. Taking the notes, therefore, did not extinguish the debt or discharge the sureties. Even if the notes were treated as payment, the sureties would be held, for they bind themselves in terms to pay all notes given to the plaintiffs by Brock and Delano for machines purchased.

But the further question arises, Were the sureties discharged by the acceptance of the new notes given by Delano after the dissolution of the partnership? How far, upon the facts appearing here, the sureties upon this bond, being bound to pay all notes given by Brock and Delano, would be affected by the renewal of their notes, or by successive renewals, it is not necessary to consider; for the notes given by Delano in the name of Brock and Delano did not in any sense extinguish the liability of the firm upon the notes that fell due. Delano had no authority to give them, they were not valid against the firm, and did not relieve the firm from its liability on the first notes, and there can be no presumption of payment. *Whitman* v. *Leonard*, 3 Pick. 177. *Parker* v. *Macomber*, 18 Pick. 505. *Perrin* v. *Keene*, 19 Maine, 355. The defendants are therefore all to be held for $3635.27, the amount found by the presiding judge to be due.

In the second of the cases, it appears that Delano about the time of the dissolution of his partnership in July, 1870, was appointed sole agent of the plaintiffs for the same purposes, and a bond was given by him with sureties, who were bound to the same extent, and on the same terms as in the previous bond. Delano continued the business alone, buying machines of the plaintiffs on his sole credit, till January, 1871, when he formed a partnership with one Frothingham, under the name of Delano & Co. It appeared that among the notes given in payment of machines bought by Delano, while alone, there were two notes signed " Delano & Co." The sureties claimed that, these notes having been taken by the plaintiffs in payment of Delano's debt, they were not liable to pay them. For the reason previously stated the presumption of payment does not here arise ; nor do we interpret the condition of the bond to include only " all notes, acceptances, checks or other obligations whatsoever " of Delano alone, as urged in the argument. Any notes, whether

his own, or made jointly with another, or the notes of other parties, given by him to the plaintiffs on account of machines purchased, come within the terms of the bond and the liability of the sureties. The fact of Delano's indebtedness was not changed by giving these notes, and the liability of the sureties to pay his debt continued.

The defendants in the second case are therefore to be held for the amount found due at the date of the suit, viz., $3110.29.

This disposes of the exceptions taken by the defendants on both cases. In the second case the presiding judge ruled that the sureties were not liable for any part of the amount due for sales made to Delano & Co., to which ruling the plaintiff excepted. This was a material change in the conduct of the agency and the liability of the sureties. A new person was introduced, having equal powers with Delano to purchase machines and manage the business. While they might be willing to be sureties for Delano, and may have been influenced to do so from personal or family considerations, or from confidence in his integrity and business capacity, it does not follow that they can be bound, or have consented to be bound, for the acts of any one whom Delano may have taken into partnership. They had made no contract to that effect, there is no evidence of their consent to the change, and they are exonerated from liability for the purchases of the plaintiff's agent after the change. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223.

*Exceptions overruled.*