SINGER MANUFACTURING COMPANY *vs.* E. C. ALLEN &
another.

Worcester.  Oct. 3, 1876. — May 4, 1877.  COLT, MORTON & SOULE, JJ.,
absent.

A bond with the condition that the principal shall pay " any and every indebtedness
or liability now existing, or which' may hereafter in any manner exist or be in-
curred " on his part to the obligee, includes a note of the principal's firm given
for the joint indebtedness of the firm.

CONTRACT against E. C. Allen and Otis D. Sawin, on a bond,
dated November 19, 1872, executed to the plaintiff by Allen as
principal and Sawin as surety, and containing the following con-
dition :

" The condition of the above obligation is such that if the
above bounden E. C. Allen, his heirs, executors or administrators
shall well and truly pay, or cause to be paid, any and every in-
debtedness or liability now existing, or which may hereafter in
any manner exist, or be incurred, on the part of the said E. C.
Allen to the said the Singer Manufacturing Company, whether
such indebtedness or liability shall exist in the shape of book
accounts, notes, renewals, or extensions of notes or accounts,
acceptances, indorsements, or otherwise, hereby waiving present-
ment for payment, notice of non-payment, protest and notice of
protest and diligence, upon all notes now, or hereafter executed,
indorsed, transferred, guaranteed, or assigned by the said E. C.
Allen, to the said the Singer Manufacturing Company, then this
obligation to be void; but otherwise to remain in full force and
effect."

At the trial in the Superior Court, before *Putnam*, J., it ap-
peared that the alleged breach of the condition of the bond was
the non-payment of a promissory note signed " Allen & Waite,"
payable to the order of the plaintiff, and that the defendant,
Allen, was one of the firm of Allen & Waite, who signed the
note, the consideration of which, its protest and non-payment,
were not disputed.

The plaintiff, a corporation established under the laws of New
York, to show the intention of the defendants in executing the
bond, the extent of the liability of both defendants under the

bond to the payment of the firm note, and to explain the mean·
ing of the term "or otherwise" in the condition of the bond,
and to establish the liability of the defendants to pay said firm
note by reason of the execution of the bond, offered to prove by
competent witnesses the following facts: The company was ac-
customed to employ agents to sell sewing machines upon their
filing a bond, similar in substance to the bond declared on, with
sufficient surety. Its duly authorized agent employed the firm
of Allen & Waite as its agents in the business of buying and
selling sewing machines upon their furnishing individual bonds,
to wit, the bond of the defendant Allen with the defendant
Sawin as surety, and the bond of Waite with one Luke Waite
as surety. Prior to, and at the time of, the execution of the
bond by the defendants, both knew that Allen then contem-
plated becoming the partner of Waite, the joint maker with him
of the note. The defendant Sawin, upon being requested by the
plaintiff's agent to sign a bond of the firm of Allen & Waite, re-
fused to do so, on the ground that he did not desire to be held
responsible for more than the defendant Allen's half of the firm's
liability to the plaintiff, but was willing to sign the bond of the
defendant Allen, with that understanding of the limit of his lia-
bility to the plaintiff. The defendants then executed the bond
in suit. The defendant Sawin expressly agreed with the plain-
tiff, that he would, by signing the bond, become responsible for
the defendant Allen's half part of the debts, which the firm
of Allen & Waite might thereupon and thereafter contract with
the plaintiff. Waite gave a similar bond to the plaintiff, with
the same agreement and understanding between Waite and his
surety on the one side, and plaintiff on the other, limiting their
liability to Waite's half of the liability of the firm of Allen &
Waite in the firm's business with the plaintiff. The plaintiff,
since the execution of the bond sued on, never had any dealings
or account with either the defendant Allen or Waite separately,
but always in their partnership capacity of Allen & Waite.
The plaintiff, relying upon the bonds as aforesaid, understood,
intended and interpreted by all the parties at the time they
were taken, immediately upon the reception of the bond in suit,
opened an account with the firm of Allen & Waite, formed after
the execution of the bonds, and forwarded to the firm a bill of

goods, on November 21, 1872, and thereafter continued to forward goods to the firm of Allen & Waite, until the firm finally settled their account with the plaintiff by two notes, each of the amount of $327.20, and each note delivered by the respective partners to the plaintiff, representing his one half of the liability of the firm to the plaintiff upon their accounting together, one of which notes, was the note delivered by the defendant Allen to the plaintiff, the non-payment of which was alleged as the breach of the condition of the bond sued on. At the time of the taking of the notes aforesaid the plaintiff requested the individual note of the defendant Allen for one half of the firm's liability, and of Waite for the other half. The defendant Allen then stated that his firm owed the debt to the plaintiff, and that he and his partner had each given their separate bonds for indemnifying the plaintiff against loss on one half of the firm's indebtedness, and the bonds were intended to cover the firm notes; and the plaintiff thereupon took the notes before mentioned in settlement of its account with the firm. No other evidence was offered on either side.

The judge was requested by the plaintiff to rule that, the execution of the bond and signature of the note, the non-payment of which was alleged as the breach of the bond, and the consideration of the note being admitted, the plaintiff was, as matter of law, entitled to a verdict. The judge declined so to rule; and the plaintiff excepted.

The defendants asked the judge to rule that if the evidence offered was true as matter of fact it would be inadmissible, and the judge so ruled, and directed a verdict for defendant. The plaintiff alleged exceptions.

*C. A. Merrill*, for the plaintiff.

*S. Cady*, for the defendants.

LORD, J. The decisions in *Parham Sewing Machine Co.* v. *Brock*, and *Same* v. *Delano*, 113 Mass. 194, which have been strongly relied upon by each party in the present case, are founded upon bonds, the conditions of which differ essentially from those of the bond in the present suit. The bonds in those cases were upon condition that the principal obligor should pay for all machines purchased by him of the obligee, and for all notes, acceptances and other obligations whatsoever which the principal

obligor should give to the obligee on account of machines purchased. The obligation was confined to such indebtedness of the obligor as arose from his purchase of sewing machines. The condition of the bond in this case has no such limitation; it is immaterial for what the indebtedness was incurred. By the terms of the bond, it is wholly unimportant in what manner the liability is created, while in the case of *Parham Sewing Machine Co.* v. *Brock*, and *Same* v. *Delano*, the indebtedness must have arisen by reason of the purchase of sewing machines by the obligor of the obligee. In one of those cases it appeared that the note of Delano & Co. was given for machines purchased by Delano, while alone. But the language of the court in that case is decisive of this: "Nor do we interpret the condition of the bond to include only 'all notes, acceptances, checks or other obligations whatsoever' of Delano alone, as urged in the argument. Any notes, whether his own, or made jointly with another, or the notes of other parties, given by him to the plaintiffs on account of machines purchased, come within the terms of the bond and the liability of the sureties."

The note in this case is an indebtedness and liability of Allen. It is therefore within the precise words of the obligation. The fact that it is also the liability of another makes it none the less the liability of Allen. The condition of the bond, neither in terms nor by implication, limits the obligation to the sole liabilities of Allen; but if not in words, certainly by the strongest implication, extends it to joint, to conditional and to collateral liabilities. This liability being covered by the words of the bond, there is no necessity for the introduction of parol evidence to bring it within the intention of the parties. If, however, all the circumstances surrounding and attending the execution of the bond are admissible for the purpose of showing the relation of the parties and the subject matter to which the obligation is applicable; (*Knight* v. *New England Worsted Co.* 2 Cush. 271;) then we think the evidence tendered by the plaintiff, if true and sufficient to establish the facts claimed to exist, would show conclusively that the note given in evidence was the exact liability which the parties contemplated, and which the bond in suit was given to secure.          .          *Exceptions sustained.*