SAMUEL HOLMES & others *vs.* HERBERT M. SMALL.

Franklin.    September 20, 1892. — October 20, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action by Partners — Contract of Individual Partner.*

A firm consisting of A., B., and C. cannot recover upon the strength of an arrange-
ment made between the defendant D. and C. individually, while the latter was
in business alone, and before the existence of the partnership, to the effect that
C. might sell merchandise to E. on D.'s credit until he gave him notice to the
contrary.

CONTRACT, to recover the price of a carload of lumber deliv-
ered to one Mitchell upon the order of the defendant.

At the trial in the Superior Court, before *Maynard*, J., there
was evidence tending to show that the plaintiff firm, consisting
of Holmes, Reynolds, and Wright, was formed in the latter part
of 1889, to engage in the lumber business in Orange; that
hitherto all the parties had been engaged in the same business
in the same locality, the first two named as partners, and Wright
individually; that the defendant was manager of a mill in Bald-
winsville; that one Mitchell was, before 1888, employed as a
carpenter in the mill managed by the defendant, and that during
1888, and subsequently, he worked on his own account outside
the mill; that during 1887 the defendant bought at different
times carloads of lumber of Wright, to be used in his mill, the
orders for which were given to Wright, some by defendant and
some by Mitchell; that after Mitchell, in 1888, began to do busi-
ness on his own account, there were several conversations between
Wright and the defendant in regard to the defendant's becom-
ing responsible to Wright for lumber which Mitchell might order
for his own use; that all such conversations between Wright and
the defendant in regard to the defendant's becoming responsible
were prior to the formation of the plaintiff partnership, except a
conversation testified to after Mitchell had absconded; and that
none of the lumber of the plaintiff firm was ever delivered to
either Mitchell or the defendant, except the carload now in suit,
and a small carload sent just prior for which Mitchell paid by
his own check.

No notice was ever given to the defendant prior to Wright's demanding pay of the defendant for this car, that Wright was a member of this firm, or that the lumber did not belong to him individually.

On cross-examination Wright testified as follows:

" *Q.* When you made the agreement with Mr. Small, as you say, — that Mr. Small should pay all Mitchell's bills unless he notified you to the contrary, bills he contracted with you, — was this firm established then ? *A.* No, sir. The lumber sued for was billed to me at Baldwinsville by the firm. I ordered the agent to deliver it to Small. Mr. Mitchell ordered it in Mr. Small's office."

The judge directed a verdict for the defendant; and the plaintiffs alleged exceptions.

*D. Malone,* for the plaintiffs.

*E. L. Hill,* for the defendant.

BARKER, J. Partners may sue for the price of partnership goods sold by one partner in his own name ; *Halliday* v. *Doggett,* 6 Pick. 359 ; *Gage* v. *Rollins,* 10 Met. 348, 355 ; *Huntington* v. *Knox,* 7 Cush. 371 ; *Eastern Railroad* v. *Benedict,* 5 Gray, 561 ; *Garrett* v. *Handley,* 4 B. & C. 664 ; *Alexander* v. *Barker,* 2 Tyrw. 140 ; *Havana, Rantoul, & Eastern Railroad* v. *Walsh,* 85 Ill. 58 ; and it was at least a question for the jury whether the defendant did not undertake to be primarily liable for goods delivered to Mitchell. *Mountstephen* v. *Lakeman,* L. R. 7 Q. B. 196. But it was shown at the trial, that, whether the defendant's undertaking was one of guaranty or was that he should be primarily liable, it was made long before the existence of the plaintiff's partnership, and with Wright acting for himself only ; and that until after the sale to Mitchell, and after Mitchell had absconded, the defendant had no notice that the firm had been formed, or that Wright was a member of it, or that the lumber did not belong to Wright individually. Whether, therefore, the presiding justice might properly order a verdict for the defendant, depends upon the question whether the firm can recover upon the strength of an arrangement made between the defendant and Wright individually, while the latter was in business alone, and before the existence of the partnership, to the effect that Wright might sell lumber to Mitchell on the defendant's credit until he gave him notice to the contrary.

In *Wright* v. *Russell*, 3 Wils. 530, and 2 Wm. Bl. 934, it was decided that when a sole trader, who held a bond for the faithful performance of duty by a clerk, took a partner into his business, the sureties were no longer responsible on the bond; and although a seemingly inconsistent doctrine was held in *Barclay* v. *Lucas*, 1 T. R. 291 *n.*, that case was put by Lord Mansfield upon the ground that the intention of the parties at the time of the making of the bond was that the sureties should be answerable in case of a change of the firm, and the case has been repeatedly questioned. See *Barker* v. *Parker*, 1 T. R. 287. The doctrine of *Wright* v. *Russell* rests upon sound precedents, and has been followed in numerous decisions. See *Arlington* v. *Merricke*, 2 Wms. Saund. 813; *Bellairs* v. *Ebsworth*, 3 Camp. 53; *Walton* v. *Dodson*, 3 C. & P. 162; *Lloyd* v. *Blackburn*, 9 M. & W. 363; *Rex* v. *St. Martin's*, 2 A. & E. 655; *Robson* v. *Drummond*, 2 B. & Ad. 303; *Stevens* v. *Benning*, 1 Kay & Johns. 168; *Hole* v. *Bradbury*, 12 Ch. D. 886, *Starrs* v. *Cosgrave Brewing & Malting Co.* 12 Sup. Ct. of Canada, 571. The case of *British Waggon Co.* v. *Lea*, 5 Q. B. D. 149, is clearly distinguishable, for the reason that the assignees were acting for the original company in making the repairs which it had agreed to make.

The case differs from cases where the person with whom the contract is made is at the time a member of a firm for whom he in fact contracts, although acting ostensibly as an individual; or where he is agent of an undisclosed principal; and also from those where the explicit undertaking is to be answerable to a firm, whatever change may happen in its membership. The case of *Garrett* v. *Handley*, 4 B. & C. 664, 666, is authority for the doctrine that a guaranty made in terms to one partner may be sued upon by his firm; but the decision was upon the ground that it appeared, from the correspondence of which the guaranty was a part, that it was intended for the benefit of the firm, and not for the individual partner alone.

Without regard to precedents, there are sound reasons why the defendant's undertaking should not be held to inure to a copartnership subsequently formed. The defendant may be presumed to have known the situation of Wright, the extent of his business, and his methods of conducting it, and to have been willing to become his debtor, and to incur such risks as were involved

in becoming primarily responsible for sales from him to Mitchell. But he did not agree that, if Wright should become associated as a partner with others, he would be liable to them also for sales of the new firm.    The defendant made no contract with the firm, either in fact or in intendment of law; because Wright was not an agent of that firm, nor was it in existence when the contract to be responsible was made.    *Boston Hat Manufactory* v. *Messinger,* 2 Pick. 223.    *Parham Sewing Machine Co.* v. *Brock,* 113 Mass. 194.    Wright, by becoming a member of the firm, could not transfer to his firm the contract of the defendant with himself.    *Kelner* v. *Baxter,* L. R. 2 C. P. 174.    *Gunn* v. *London & Lancashire Ins. Co.* 12 C. B. (N. S.) 694.    The defendant did not elect to contract with them, nor did he contract with Wright when Wright was in such a position with reference to the other plaintiffs as to enable the firm to rely on his agreement.    He had the right of every person to elect with what parties he would deal; *Winchester* v. *Howard,* 97 Mass. 303; *Humble* v. *Hunter,* 12 Q. B. 310; and he in fact and in law dealt with Wright alone, and is justified in saying to the plaintiffs that he has not contracted with them.    For these reasons the verdict for the defendant was right.    *Exceptions overruled.*