*F. L. Simpson*, for the petitioner.
*G. A. King*, for the respondents.

---

JORDAN MARSH COMPANY *vs.* JOHN W. BEALS.

Suffolk.   January 25, 1909. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction.   *Guaranty.*

A guaranty in writing, "to pay all bills . . . which may hereafter be contracted at your house by W.," addressed to J. M. and Company, a copartnership, does not bind the guarantor to pay bills contracted by W. with the J. M. Company, a corporation which, after the guaranty was executed and delivered, was organized by and composed of the same persons who formerly made up the copartnership and which carried on business at the same place and in the same manner that the copartnership had.

CONTRACT upon an alleged guaranty by the defendant to pay to the plaintiff bills contracted by one Wainwright. Writ in the Municipal Court of the City of Boston dated March 17, 1904.

On appeal to the Superior Court, the case was heard by *Raymond*, J., without a jury, upon the following agreed statement of facts:

The material part of the alleged guaranty was as follows: " Messrs. Jordan, Marsh & Company, Gentlemen: — In reply to the above I hereby agree to pay all bills of whatever amount which may hereafter be contracted at your house by Mrs. A. D. Wainwright upon a proper assignment of the same being made to me.   John W. Beals."   This was signed between October 22 and 26, 1898.   Between September 30 and November 25, 1902, Mrs. Wainwright contracted bills at the plaintiff's store amounting to $115.18, which the defendant refused to pay, although the plaintiff offered and was willing to make proper assignment as stated in the guaranty.

In 1898, Jordan, Marsh and Company was a copartnership. In 1901 the plaintiff company, a corporation, was formed, which took over all the assets and liabilities of the copartnership and which is composed of the same persons that made up the copartnership and carries on the same business at the same place and in the same manner as the copartnership.

The bill in question was contracted subsequent to the date of the forming of the corporation.   The only question involved is whether or not the above wording of the guaranty, written to Jordan, Marsh and Company, the partnership, makes the guarantor liable to Jordan Marsh Company, the corporation.

The presiding judge found for the defendant; and the plaintiff appealed.

The case was submitted on briefs.

*O. Ray*, for the plaintiff.

*G. Beals*, for the defendant.

LORING, J. . The only ground on which the plaintiff corporation contends that the case at bar does not come within *Holmes* v. *Small*, 157 Mass. 221, is that the guaranty in question, as matter of construction, is not an offer to " Messrs. Jordan, Marsh and Company."   Its contention is that, by reason of the words " at your house " in the body of the guaranty, the fact that the guaranty is addressed to " Messrs. Jordan, Marsh & Company " is overcome, and that, taking the guaranty as a whole, it should be construed to be an offer to the person or corporation who

should be the proprietor of the Jordan Marsh Company store. We cannot adopt that construction of the guaranty.

We have examined the authorities cited by the plaintiff. They do not help it.

*Judgment affirmed.*