TREMONT. TRUST COMPANY *vs.* DAVID L. FINE & others.

Suffolk.     January 9, 1917. — February 28, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Guaranty. Contract,* Construction. *Words,* "Guarantee for."

A guaranty in writing addressed to a bank in the following words: "We herewith guarantee for G, $500, two notes at $250 each, payable in three months and four months from date," signed by the guarantors, does not cover two notes, otherwise answering the description in the guaranty, which are signed in the name of a corporation by G as its treasurer and are indorsed by G individually, if the money lent by the bank on these notes was credited to the corporation's account in the bank and was not credited to G and if a trial judge has found on these facts that the bank lent the money to the corporation and that the proceeds of the notes properly were placed to its credit.

*Whether,* if G personally had received the proceeds of the notes, the words "guarantee for G" would have been broad enough to extend the liability of the guarantors to notes indorsed by G as well as to notes signed by him as maker, was a question which did not arise and on which no opinion was expressed.

CONTRACT on a guaranty in writing which is quoted in the opinion. Writ in the Municipal Court of the City of Boston dated January 27, 1916.

The findings of the judge of the Municipal Court are stated in the opinion. The judge found for the defendants, and at. the request of the plaintiff reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the plaintiff appealed.

*Asa P. French, (A. V. Harper* with him,) for the plaintiff.

*C. H. Dow,* for the defendants.

De Courcy, J. The agreement on which the suit is based was dated August 31, 1915, and was addressed to the plaintiff. It reads as follows: "Gentlemen: We herewith guarantee for H. M. Goldman, $500, two notes at $250 each, payable in three months and four months from date." It was signed in the partnership name of the defendants, and by two members of the firm.

We must take the facts to be as they have been found by the trial judge, as we cannot say as matter of law that the findings are not warranted by the evidence reported. The guaranty was given by the agreement of all the defendants. It was presented by Goldman to the plaintiff bank, and with it the two notes for $250 each. In the presence of the vice-president and of the treasurer of the trust company, Goldman signed the notes "Sample Waist & Pett. Co. Inc. Henry M. Goldman, Treas.," and indorsed them individually. They were discounted by the plaintiff at the request of Goldman, acting as treasurer of the corporation, and the money lent thereon was credited to the corporation's account in the bank, and not to Goldman. The defendants did not see or know the form or contents of the notes.

These facts are controlling on the rulings requested by the plaintiff and refused. Even assuming that the language "We . . . guarantee for H. M. Goldman," is broad enough to extend the liability of the defendants to notes indorsed by Goldman, as well as to notes on which he is primarily liable as maker, if he personally received the proceeds, it is not broad enough to make the defendants responsible for the payment of notes of the Sample Waist and Petticoat Company, the proceeds of which enured solely to the benefit of that corporation. The judge, having in effect found that the plaintiff lent its money on the corporation's notes and that the proceeds of the notes properly were placed to the credit of the corporation, rightly refused to rule that the payment or loan was made to Goldman, the treasurer of the corporation. On the facts and conclusions of fact based on the evidence before him, the judge was warranted in finding that the notes discounted were not covered by the defendants' guaranty of payment. And we cannot say that the variance from the terms of the guaranty was not a material and substantial one. The guarantors may have been

willing to guarantee notes of which Goldman was to get the proceeds, on the assumption that he would be enabled thereby to pay the notes at maturity. *Bill* v. *Barker*, 16 Gray, 62. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194, 197. *Lamm* v. *Colcord*, 22 Okla. 493; *S. C.* 19 L. R. A. (N. S.) 901 and note. See *Holmes* v. *Small*, 157 Mass. 221; *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527; *Jordan Marsh Co.* v. *Beals*, 201 Mass. 163; 14 L. R. A. (N. S.) 1231 note.

*Order dismissing report affirmed.*