MERRIMAC CHEMICAL COMPANY *vs.* JOHN J. MOORE.

Suffolk.    November 4, 1931. — May 19, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Auditor: report; Case stated; Parties; Exceptions; Appeal. *Evidence,* Inference. *Guaranty. Contract,* Construction, Consideration.

The report of an auditor, to whom, in accordance with a stipulation of the parties, was referred an action under a rule that his findings of fact should be final, was in effect a case stated, and was governed by G. L. c. 231, § 126; and therefore, in the absence of any agreement by the parties that no inferences should be drawn from the facts stated in the report, a judge of the Superior Court to whom it was presented was entitled to draw permissible inferences from such facts.

In an action by a corporation upon a guaranty, it appeared that the plaintiff was the owner of all the capital stock of a corporation which sold goods to a concern in which the defendant was interested; that the defendant knew that the second corporation was a subsidiary of the plaintiff; that the subsidiary corporation, after a part of the debt of the defendant's concern was incurred, assigned its assets and the right to its corporate name to the plaintiff and thereafter was operated as a division of the plaintiff, although the plaintiff continued to sell goods to the defendant's concern in the name of the subsidiary corporation; that the assignment did not come to the notice of the defendant; that subsequently an officer of the plaintiff visited the defendant and, after presenting a business card showing his connection with the plaintiff, had a conversation with the defendant concerning the overdue account of his concern, following which the defendant gave the guaranty, which was addressed to the subsidiary corporation and guaranteed payment of his concern's indebtedness "to you"; that no goods were sold to that concern after the guaranty was given; and that the defendant was indifferent to the particular corporate identity of his concern's creditor and, when requested to comply with his guaranty, did not refuse to do so on the ground that it ran to the subsidiary corporation. *Held,* that

(1) The guaranty was not special so as to prevent the plaintiff from maintaining the action on it;

(2) The guaranty covered both the indebtedness of the defendant's concern existing before the assignment by the subsidiary corporation to the plaintiff and the indebtedness which accrued after the assignment; and the plaintiff was entitled to recover the amount of the entire indebtedness.

Although mere forbearance to begin a proceeding to enforce a claim, without any promise to do so either in express terms or by fair implication from all the circumstances, does not form sufficient consideration for a guaranty of payment of the claim, an agreement to forbear suit may be implied from an actual forbearance in combination with other circumstances.

A guaranty of the indebtedness of another, in writing but not under seal, properly was found to have been supported by sufficient consideration where it appeared that the creditor, although he did not mention bringing an action against the debtor or expressly promise the guarantor to forbear bringing the action, stated to the guarantor that the account of the debtor "could not go on without some payment"; that the guaranty thereupon was given to the creditor and acknowledged in writing by him; and that no action was brought against the debtor by the creditor for nearly a year: from the circumstances it was proper to infer an agreement between the creditor and the guarantor that the guaranty was given and accepted for the purpose of securing to the debtor immunity from legal proceedings for a reasonable time.

CONTRACT. Writ dated December 29, 1927.

In the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. Material facts found by the auditor are stated in the opinion. Each party filed a motion for judgment upon the auditor's report. The motions were heard by *Weed*, J., who stated in his order for judgment the following, in part:

"Upon the facts found by the auditor, I rule that the guaranty given by the defendant on January 24, 1927, was for a sufficient consideration, namely, the implied promise not to press for payment of the Mellenville account, followed by an actual forbearance for a reasonable time. . . . It is a reasonable inference from the facts reported by the auditor that the subject under consideration when the guaranty was given was the full 'account of the Mellenville Company' here in suit, and that . . . the defendant was indifferent as to the real party in interest, and even if misled, by the use by the plaintiff of the name of the Anderson Chemical Company in its dealings with the Mellenville Corporation, the defendant was not injured thereby. I find and rule that the plaintiff is entitled to recover from the defendant . . . the sum of $8,456.08 with interest from the date of the writ."

The defendant alleged exceptions and also appealed from the order for judgment.

*T. H. Buttimer,* for the defendant.

*S. Macmillan,* for the plaintiff.

RUGG, C.J.   This is an action of contract upon a written guaranty.   The case was referred to an auditor, whose findings of fact were by stipulation of parties to be final.   The auditor's report set forth these facts: The plaintiff, a corporation organized under the laws of this Commonwealth, has been for many years engaged in the business of manufacturing and selling chemicals.   The plaintiff owned all the capital stock of the Anderson Chemical Company, also organized under the laws of this Commonwealth, which in 1925 took over the assets and business of a New Jersey corporation of the same name and continued to supply its customers.   Thereafter the offices of the plaintiff and the Anderson Chemical Company were at 148 State Street, Boston, on different floors.   Some individuals were officers in both corporations.   The manufacturing and shipping for the Anderson Chemical Company were done in a separate section of the plaintiff's works at Everett.   The new Anderson Chemical Company in March, 1926, sent notice to the customers of the older company of the same name, including the Mellenville Products Corporation, that it had acquired the assets of the older company; that its manufacturing would thereafter be done at Everett; that it was a subsidiary of the plaintiff; and that it was prepared to give better service than ever before, as it had all the additional benefits of its parent company, the plaintiff, behind it.   This information came to the defendant, who was an officer, stockholder, and the largest creditor of the Mellenville Products Corporation and interested in its affairs.   By instrument dated October 1, and executed on October 15, 1926, the Anderson Chemical Company transferred its business, the right to its corporate name, and all its legally assignable assets to the plaintiff.   Assets not legally assignable were to be held for the benefit of the plaintiff.   No question is made as to the validity of this instrument.   After its execution the Anderson Chemical Company did not

manufacture or sell, although it continued to exist as a corporation. The plaintiff continued to receive orders from customers of the Anderson Chemical Company and to fill them from its Everett plant, and to manufacture goods therefor, all on its own account. The offices and office force of the Anderson Chemical Company and the manufacturing of what had formerly been its product were continued as the Anderson Division of the Merrimac Chemical Company and were carried on by the plaintiff. Although no concealment was made of these changes, they were not communicated to the defendant or to the Mellenville Products Corporation prior to the execution of the guaranty.

On January 24, 1927, one Warren, assistant treasurer of the plaintiff and treasurer of the Anderson Chemical Company, went to the office of the defendant. His card of this tenor: "Merrimac Chemical Company, 148 State Street, Boston, Mass. William I. Warren, Assistant Treasurer," was sent to the defendant; whereupon he was admitted to the presence of the defendant, and this conversation followed:— "Warren mentioned the account of the Mellenville company and said that it could not go on without some payment. Moore said he had considerable money tied up in the Mellenville company and that he did not feel like putting in any more till the difficulties it was having with the rubber company were settled. Moore then offered to give his individual guaranty of the account" and dictated and signed it and gave it to Warren, who inspected it and went away. Although Warren asked for payment of the account, "at no time during the interview did he say anything about bringing suit against the Mellenville Products Corporation, or promise forbearance to sue." Efforts were thereafter made by the plaintiff to obtain payment of the account from both the debtor and the defendant, but no action was brought until the writ in the case at bar was sued out December 29, 1927. The instrument signed by the defendant and upon which this action is founded was in these words:

"Anderson Chemical Co.            January 24, 1927.
Boston, Mass.
Gentlemen:

As far as the Mellenville Products Corporation bills to you are concerned, I will personally guarantee the payment of any amount that they owe you or which may become due whilst I am interested in the concern.

Yours very truly,

John J. Moore."

The defendant had ample opportunity to know of the plaintiff, but apart from its relations with the Mellenville Products Corporation he had no direct dealings with it. Correspondence on printed letterheads came to the attention of the defendant from time to time, so that he learned that the plaintiff had some interest in the Anderson Chemical Company. Previously to the signing of the guaranty, the defendant had sought Warren in the offices of the Anderson Chemical Company and had found him in offices on the door of which was printed the name of the plaintiff. When called upon to comply with his guaranty, the defendant never stated orally or in writing that he declined to pay because it ran to the Anderson Chemical Company and not to the plaintiff. No goods were ordered of the plaintiff by the Mellenville Products Corporation after the execution of the guaranty, and there was no refusal by the plaintiff to ship goods to it and none were in fact so shipped. These are the findings of the auditor summarily stated. He made no finding in favor of either party. There was no motion to recommit the report. The plaintiff filed a motion that judgment be entered on the auditor's report in its favor. The defendant filed a similar motion for judgment in his favor. The motion of the plaintiff was granted. The defendant filed a bill of exceptions, which was allowed.

The case could have been sent to an auditor, under a rule that his findings of fact should be final, only by agreement of parties. The report of the auditor in these circumstances constitutes in substance by previous agreement

of the parties a statement of all the ultimate facts upon which the rights of the parties are to be determined by law. It is transformed by such agreement, approved and acted on by the court, from *prima facie* evidence, the standing of an auditor's report under G. L. c. 221, § 56, to a stipulation as to all the facts material to the decision of the case. It becomes in effect a case stated. It is not necessary that the words "case stated" appear in the record. The court looks at the essential nature of the situation without much regard to nomenclature. *Daley* v. *Legate*, 169 Mass. 257, 260. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 9. *Frati* v. *Jannini*, 226 Mass. 430. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536. *Wolbach* v. *Commissioner of Corporations & Taxation*, 268 Mass. 365, 372. There is nothing inconsistent with this in *Hale* v. *Wheeler*, 264 Mass. 592, where it was held that such a reference to an auditor is waiver of trial by jury. The auditor's report on this record being in substance a case stated, procedure concerning it is governed by the statutes and law controlling a case presented in that way. It is provided by G. L. c. 231, § 126, that upon a case stated any court before which such case shall come "shall be at liberty to draw from the facts and documents stated in the case any inferences of fact that might have been drawn therefrom at a trial, unless the parties expressly agree that no inferences shall be drawn." This statute was designed to relax the more strict rule previously prevailing as to procedure on consideration of a case stated, to the effect that no inferences could be drawn and that, unless as matter of law the plaintiff was entitled to prevail, judgment must be entered for the defendant. *Rosenthal* v. *Liss*, 269 Mass. 373. *Frati* v. *Jannini*, 226 Mass. 430. That statute is as applicable to a case stated arising in the circumstances here disclosed as it is to an instrument entitled a "case stated" bearing the signatures of the parties. It makes no distinction between cases stated based on their origins. If parties desire to avoid the drawing of inferences from the facts reported, that may be stipulated in the agreement for reference to the auditor. Therefore, it was within the

province of the trial judge to make permissible inferences from the facts stated in the report of the auditor.   There was no error of law in his ruling to that effect.   *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126.   *McClintic-Marshall Co.* v. *Freedman,* 274 Mass. 558.   Compare *Jones* v. *Clark,* 272 Mass. 146.   This conclusion is not at variance with the thought embodied in expressions to the effect that the finding of facts made by an auditor under agreement that such finding shall be final stands on the same footing as the verdict of the jury.   *Marden* v. *Howard,* 242 Mass. 350, 355.   *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 349.   *Walsh* v. *Cornwell,* 272 Mass. 555, 562. The finality of the findings was meant by statements of that nature;  they were made without reference to G. L. c. 231, § 126, and inferences permissible from the facts thus established as a case stated.   The procedure outlined in *Wheeler* v. *Tarullo,* 237 Mass. 306, a case arising upon an auditor's report in the usual form and without agreement that its findings of facts should be final, touching Rule 31 of the Superior Court (1915) — later Rule 30 of the Superior Court (1923) — was not applicable in the conditions disclosed on this record.   (See now Rule 88 of the Superior Court [1932].)

The defendant contends that the plaintiff is not entitled to the benefit of the guaranty.   In support of this contention he argued that the guaranty was special, was addressed alone to the Anderson Chemical Company, contemplated a relation of trust and confidence, and could enure only for the benefit of the one to whom it was addressed.   There are numerous cases which support one or another of these propositions as applied to particular facts.   It is not necessary to review them.   The real question to be determined in the case at bar is the meaning of the guaranty, including ascertainment of the person intended to be benefited thereby, as disclosed by its words read in the light of the knowledge of the parties touching the facts, their relations to each other and to the transaction, and all other material circumstances to the end that by a fair and reasonable interpretation the purpose of the parties may be given

effect. *L. Littlejohn & Co. Inc.* v. *Handy,* 246 Mass. 370, 374. *Lawrence* v. *McCalmont,* 2 How. 426, 449, 450.

Previously to giving the guaranty, the defendant had been informed that the Anderson Chemical Company was a subsidiary of the plaintiff; he had visited 148 State Street and must have observed the intimacy of relations between the two corporations and the commingling of their affairs as revealed by the arrangement of their offices. When Warren called upon the defendant on the occasion when the guaranty was given, he presented credentials indicating his official connection with the plaintiff. The situation of the parties at that interview was that the defendant was dealing with Warren on the footing that he represented the corporation holding an overdue claim on account of merchandise sold by it to the Mellenville Products Corporation, in which the defendant was deeply interested, and was seemingly indifferent as to the name under which it had sold such merchandise. It is apparent that in truth the defendant was not concerned with the particular corporate identity of the creditor of the Mellenville Products Corporation, from which had come goods used by it in its manufacturing processes. It is also apparent that the plaintiff was conducting all its business with the Mellenville Products Corporation under the name of Anderson Chemical Company, and that it was using that name rightfully. These factors bring the case at bar within the principle of several of our decisions. It was held in *Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360, that a note payable to Richardson, Metcalf & Co. might be declared on as the promise of the plaintiff, the variance in the name not being fatal. In *Taunton & South Boston Turnpike Corp.* v. *Whiting,* 10 Mass. 327, it was held that a promise in a subscription paper to pay assessments made upon certain shares of stock to John Gilmore would support an action in the name of the plaintiff. In *Commercial Bank* v. *French,* 21 Pick. 486, a promise to pay the cashier of a bank was held to be rightly put in action in the name of the bank as plaintiff. In *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 174, 175, 176, notes signed by the name Horace Gray

and Company were held to be enforceable against the defendant, provided it in fact executed the notes under a name adopted and sanctioned by it as indicative of its contracts, and the plaintiff received the notes under no genuine misapprehension as to the facts.  See, also, *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31; *Kaufmann* v. *Sydeman*, 251 Mass. 210, 217; *Michigan State Bank* v. *Peck*, 28 Vt. 200, 206–207.  To the same general effect is the rule that a known principal may sue in his own name on a contract made in his behalf in the name of his agent.  *Beakes* v. *DaCunha*, 126 N. Y. 293.  *Barbre* v. *Goodale*, 28 Ore. 465, 471–472.  Mechem, Agency (2d ed.) § 2055.  The facts in *Holmes* v. *Small*, 157 Mass. 221; *Jordan Marsh Co.* v. *Beals*, 201 Mass. 163; *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association*, 211 Mass. 398, and *Werlin* v. *Equitable Surety Co.* 227 Mass. 157, distinguish them from the case at bar so plainly as not to require differentiation.  The guaranty of the defendant was not special in any such sense as to prevent the plaintiff from bringing action upon it.  Principles illustrated by *Paper Products Machine Co.* v. *Safepack Mills*, 239 Mass. 114, 123, and *Rourke* v. *Cadillac Automobile Co.* 268 Mass. 7, are not applicable to these facts.

It follows that, in our opinion, the plaintiff is entitled to avail itself of whatever rights flow from the guaranty signed by the defendant.

The question whether there was sufficient consideration for the guaranty of the defendant is a close one.  Mere forbearance to sue a claim, without any promise either in express terms or by fair implication from all the circumstances, does not form sufficient consideration for a guaranty to pay the debt of another.  But an agreement to forbear to sue may be implied when the circumstances are such as to lead to the reasonable conclusion that the new security or other thing of value was given to induce the creditor to forbear, and that he did in fact forbear to enforce his claim by proceedings at law.  Actual forbearance to sue, in combination with other facts, may be sufficient to prove an agreement to that end and thus form a good

consideration for guaranty or other promise. *Mecorney* v. *Stanley*, 8 Cush. 85. *Boyd* v. *Freize*, 5 Gray, 553. *Manter* v. *Churchill*, 127 Mass. 31. *Codman* v. *Dumaine*, 249 Mass. 451, 458. *Barber* v. *Rathvon*, 250 Mass. 479, 484. *Spillane* v. *Yarnalowicz*, 252 Mass. 168, 171.

These principles, settled by the law of this Commonwealth, are to be applied to facts disclosed on this record. No consideration is stated in the written instrument of guaranty signed by the defendant. Subsequently to its delivery no goods were sold by the plaintiff to the Mellenville Products Corporation. The circumstances of the parties and what was said and done at the crucial interview between the defendant and Warren representing the plaintiff constitute the setting from which their purpose must be determined. They met with a certain common knowledge concerning the financial condition of the Mellenville Products Corporation and its indebtedness to the corporation represented by Warren. That had been discussed at a previous interview. Warren declared that the account due from the Mellenville Products Corporation, in which the defendant was deeply interested, could not go on without some payment. The defendant replied in substance that he was not then inclined to make any money payment on its account, but that he was willing to give his personal guaranty of the account. He caused such guaranty to be written, signed it, and handed it to Warren. The latter took it, inspected it, made no objection to its form or substance, put it in his pocket, and went away. Written acknowledgment of its receipt was sent the defendant five days later. The guaranty of the defendant was kept by the plaintiff and no action was brought for almost a year against the corporation whose account the defendant had guaranteed. Nothing further was said or done between the parties for a substantial period of time. The rational construction and the natural import of these words and this conduct, in view of the circumstances known to both the participants in the conversation and the events, are that the defendant signed and delivered the guaranty for the purpose of securing for his corporation immunity for a

reasonable time from legal proceedings against it by the plaintiff, and that Warren in behalf of the plaintiff received and accepted that guaranty upon the plainly implied understanding and agreement that such immunity was to be extended to that corporation. Thus there was a valid and binding consideration for the guaranty signed by the defendant.

A part of the indebtedness from the Mellenville Products Corporation here in suit accrued between August 19, 1926, and the date of the indenture between the plaintiff and the Anderson Chemical Company in October, 1926, and a part of that indebtedness accrued after that date. As to the part accruing before that date, the business was conducted in the name of the Anderson Chemical Company. After that date the plaintiff had acquired the right to use the corporate name of the Anderson Chemical Company as well as all its assets, good will and business. It acquired and exercised the right to conduct this business in that name for its own use and benefit. So far as concerned the transactions of the Mellenville Products Corporation, it dealt in name with the Anderson Chemical Company. That was and remained a separate corporate entity. Its orders were turned over to the plaintiff. It was utilized by the plaintiff for marketing merchandise. It was in substance and effect the agent of the plaintiff in its dealings with the Mellenville Products Corporation. There is nothing in the relations between the latter company and the Anderson Chemical Company to indicate an understanding that filling of orders for chemicals was personal or fiduciary and could not be performed by the real principal. The plaintiff was simply filling orders on behalf of the Anderson Chemical Company, acting as its agent. The latter was no longer conducting an independent business but was existing and acting solely as the creature of the plaintiff. *Finnish Temperance Society Sovittaja* v. *Finnish Socialistic Publishing Co.* 238 Mass. 345, 355. It follows that the guaranty of the defendant covered the entire amount of the bills due at its date from the Mellenville Products Corporation and that the plaintiff may recover that amount. There is nothing

in *Boston Ice Co.* v. *Potter*, 123 Mass. 28; *Pike* v. *Waltham*, 168 Mass. 581; or *New England Cabinet Works* v. *Morris*, 226 Mass. 246, at variance with this conclusion.

The principles of law governing the rights of the parties on this record have all been stated. It is not necessary to discuss in detail the numerous requests for rulings. They have all been considered. We perceive no reversible error of law in the action of the trial judge concerning them.

The defendant filed a bill of exceptions and also appealed. The case cannot rightly come before us in both ways. Without pausing to discuss technically correct procedure, we think that in view of the numerous requests for rulings presented to the trial judge the rights of the defendant can be fully protected by considering the case on exceptions and by dismissing the appeal.

<div style="text-align:right">

*Exceptions overruled.*
*Appeal dismissed.*