ROWE, J. (Estes, A. P. J., and Rollins, J.)
This is an action to recover upon the following claimed as a written guaranty signed 'by the defendant and delivered to the plaintiff’s agent: “in accordance with the verbal promise made you I agree to pay you whatever is due on the account of Regnor Burennius of East Barrington, N. H. I am expecting fundi shortly that will enable me to substantially reduce my friend’s indebtedness to you.’’ The trial judge found for the defendant.
The plaintiff claims to be aggrieved by the rulings of the trial judge relative to her requests for rulings, among which was the following request, “(2) The letter of May 18,-1938 signed by the defendant (the above claimed guaranty) was an undertaking to pay the debt of Burennius sufficient to bind the defendant.” The trial judge denied this request “as inapplicable to the facts as found.”
The plaintiff brought suit against the original debtor and obtained judgment. That suit was not begun until a time had elapsed which would be beyond that required by the guaranty. Thereafter she brought the present action. In the instant case the judge in his findings stated that “there was no permanent forbearance against Burennius and therefore no consideration for the promise of the defendant.”
On the evidence in the case, the trial judge could have found that the delay in bringing suit against the original debtor was a mere matter of indulgence without consideration, or he could have found, under the doctrine of Merrimac Chemical Co. v. Moore, 279 Mass. 147, 155, that there existed an enforcible agreement of guaranty by fair implication from all the circumstances.
But the judge made neither of these findings. Instead, he denied as inapplicable, a ruling which should have been considered on its merits, and also erroneously stated in his findings that there was no consideration because there had been no permanent forbearance to sue the original debtor. Such finding with its comment on consideration, if a proper statement (which it was not) would have rendered the plaintiff’s request for ruling inapplicable or immaterial.
The defendant in argument, correctly conceded that the guaranty did not call for a permanent forbearance against the original debtor, but he further says that the judge’s language in that respect was simply unfortunate phrasing, which was cured by the wording of the other parts of the findings. *68 However, wc do not find such language in the findings which would cure the error.
There was prejudicial error in denying the plaintiff’s second request as inapplicable, and the plaintiff is entitled to a new trial.
So ordered.