## WHEN THE NOTING OF AN EXCEPTION TO AN ORDER OR JUDGMENT IS ESSENTIAL.

Court of Common Pleas of Franklin County.

THE BALDWIN REALTY CO. v. IDA M. SMITH.

Decided, December 1, 1920.

*Exceptions—Apply to Decisions Made During Trial or to Judgment Entries Embodying such Decisions—Have no Reference to Rulings on Demurrers—Decisions, Orders and Judgments Distinguished.*

Failure to note an exception to an order overruling a demurrer, when no final order is made at the time, does not prevent the defeated plaintiff from prosecuting error to a final order of dismissal subsequently made.

*Eagleson & Eagleson,* for plaintiff in error.
*Doud, Crawfis, Bradford & Dones* for defendant in error.

KINKEAD, J.

In the municipal court a demurrer was sustained to plaintiff's petition, to which order no exception was noted. A judgment of dismissal was subsequently entered to which an exception was taken.

The question for decision is whether a failure to note an exception to an order overruling a demurrer, when no final order is made at the time, will prevent the defeated plaintiff from prosecuting error from a final order of dismissal of the cause because of the conclusion of the court that the petition did not state a cause of action.

It is generally believed that the noting of an exception to all orders and judgments is essential.

In the discussion of the question we should keep in mind the distinction between *decision, orders,* and *judgment.* Also let us have in mind the difference between trial of causes, and *orders* made upon pleadings. Prior to 1912 there was a distinction between *orders*—there being orders, final *orders,* and judgments.

A *decision* is distinguishable from them all, made by title 9 of the code of 1893. *Decisions,* contemplated by this chapter or

title of the code, are made during trial—and trial definitely means upon the merits—whether to court or to court and jury—*decisions* are also made by the court upon the *pleadings before trial,* but these are evidenced by journal entries placed on the journal—whereas decisions made during trial are not journalized and become a matter of record only by means of a bill of exceptions.

The record of a case taken up on error consists of pleadings, transcript of journal entries, and bill of exceptions. The face of the record, so called, is shown by the pleadings and journal entries. The bill of exceptions is created and provided for the specific purpose of bringing into the record matters occurring during trial, which can only be made part of the record by means of a bill of exceptions signed by the judge.

Decisions by the court may be shown by orders and judgments entered upon the journal. Decisions upon motion or demurrer are made to appear by *orders* placed upon the journal. They appear upon the "face of the record," and are not brought upon the record by bill of exceptions as are orders and decisions made during trial. There are, however, certain classes of cases which may be tried to the court, equity cases or jury cases where a jury is waived, in which cases the journal or judgment entry may be so prepared and entered upon the record as to make the grounds of the objection appear in the entry.

In the consideration of this question, and of the adjudicated cases, it must be constantly borne in mind that the sole purpose of chapter entitled "4 exceptions" is to provide for taking and preserving exceptions to decisions made during trial.

What is the *record* before the court? It consists of the pleadings and transcript. The record is all here; no bill of exceptions was necessary to bring any part of it here. This court can look at the pleadings and the transcript and see all that was done. There was no trial below, there was nothing but an order and a judgment upon the pleadings. This court can look at the record —the face of the record—without the need of any exceptions, or bill of exceptions, and determine whether the court erred in sustaining the demurrer.

From the early history of procedure under the code it has been

the rule that no exception need be noted to a final judgment or decree in an action not tried to the jury. That is because the provisions of the chapter on exceptions was intended only to apply to decisions made during trial, or to judgment entries embodying decisions *made* during trial.

In *Bank* v. *Buckingham*, 12 O. S., 402, a suit in equity, it was held that exception need not be noted to a final judgment in such case in order that it may be reviewed on error.

Scott, J., stated:

"The object of an exception is, generally, to bring upon the record for review a decision of the court upon a matter of law, *which the record* would not otherwise show. In such case the exception must be reduced to writing and allowed and signed by the court."

Again in *Justice* v. *Lowe*, 26 O. S., 372, the court held that:

"The sections of the code providing for taking exceptions have no application to final judgments or orders."

White, J., stated that the statutory requirement to the taking of an exception,

"Must be understood as applying only to cases in which an exception is required, and as indicating the time at which it must be taken to make it available."

Judge White refers to *Bank* v. *Buckingham*, 12 O. S., 402, as clearly showing that the provisions of the code do not apply to final judgments where all alleged errors appear on the face of the record, a bill of exceptions being therefore unnecessary to disclose the alleged error.

The purpose of noting an exception to a *decision*, is to make a record of objections and exceptions to rulings made *during trial*. The objections and exceptions are brought into the record by means of a bill of exceptions signed by the judge.

The significance to be attached to the decisions which hold that exceptions to final judgments are not essential is, that the title or chapter of exceptions was not intended to apply to them for the reason that a certain class of judgments and orders do

not have reference to decisions made during trial. It does not follow, as has been suggested, that an exception must be noted to an order which is not final, such as the sustaining of a demurrer.

*Bank* v. *Buckingham,* 12 O. S., 402 (1861), was a decision before the code, in which it was held that it was not essential that an exception be taken to a final judgment at the time of its rendition in order that the same may be reviewed, reversed, vacated or modified.

The statement made at the close of the opinion in *Templeton* v. *Kramer,* 24, O. S., 565, has reference to a decision during trial, as the preceding language clearly indicates.

It is stated that:

"Numerous other errors are assigned * * * to the decisions and rulings of the court * * * made in the progress of the case; but as it does not appear either in the record, etc., * * * or in the transcript * * * that the plaintiff excepted to any of the rulings or decisions made, except that overruling his demurrer, * * * he must have relied on that alone.

A decision or ruling of the court, not excepted to at the time, can not be assigned for error in a reviewing court, Code, Art., 5, title 9 and title 16, *Geauga Iron Company* v. *Street,* 19 Ohio 300."

In *Justice* v. *Lowe,* 26 O. S., 372, no exception was taken to the final judgment of the district court, the first proposition of the syllabus is as follows:

"1. The sections of the code providing for taking exceptions, have no application to final judgments or orders."

"Final judgments or *orders*"; the entry sustaining the demurrer in this case was not a judgment; it was an *order*.

White, J., stated in the opinion:

"In support of this claim (that an exception was not taken to the judgment of the district court) cites the case of *Geauga Iron Foundry* v. *Street,* 19 Ohio, 300; and *Templeton* v. *Kramer,* 24 Ohio State, 564; but neither of these cases supports the claim. True, in the cause last named, it is said in the opinion, that a decision or ruling of a court not excepted to at the time can not be assigned for error in a reviewing court But this must be

understood as applying only to cases in which an exception is required, and as indicating the time at which it must be taken, to make it available.

"The same question * * * was decided in * * * *Bank* v. *Buckingham,* 12 Ohio State, 402, and the opinion of the court in that case clearly shows that the sections of the code providing for taking exceptions have no application to cases like the present."

In *Frank* v. *City,* 5 N. P., 520-521, it was stated:

"No exception was taken to this judgment, but as held in 12 O. S., 402, and 26 O. S., 372, on a final judgment it is entirely unnecessary to do so. *When the judgment on its face,* under the laws of which a court takes judicial notice, it is the duty of a reviewing court to correct it.

In *Pope* v. *City,* 3 C.C., 479, 499, it was stated:

"No exception was taken to this judgment, but as held in 12 Ohio State, 402, and 26 Ohio State, 372, on a final judgment it is entirely unnecessary to do so. When the judgment on its face, under the laws of which a court takes judicial notice, is clearly erroneous, it is the duty of a reviewing court to correct it."

Scott, J., in *Bank* v. *Buckingham,* 12 O. S., 402, the error being manifested by a final judgment, made clear the distinction between errors apparent upon the "face of the record" and cases where an exception must be entered and a bill of exception taken. He said:

"The object of an exception is, generally, to bring upon the record, for review, a decision of the court upon a matter of law, which the record would not otherwise show. In such cases the exception must be reduced to writing and allowed and signed by the court. But where the decision objected to is entered on the record, and the grounds of objection appear in the entry, and the exception may be taken by the party causing to be noted, at the end of the decision, that he excepts. Code, Section 293. It is provided, by Section 291 of the Code, that the party objecting to the decision must except at the time the decision is made."

"*These provisions of the code are all found in title 9, which treats of and regulates the trial of causes, and they manifestly relate to decisions which are made by the court, upon questions of law which arise during the progress of the trial.* Where ob-

jection is made, at the time, to such decisions, all grounds of exception may, perhaps, be obviated, by the action of the other party, or the consderation of the court. *But if the parties acquiesce in the decision, by proceeding in the trial without objection,* they are *regarded as waiving the right to except.*

"But these provisions of the code do not relate to the final judgment of the court, which, at the close of the trial, definitely fixes the rights of the parties in the action. The judgment is not properly part of the trial, but forms the subject of a distinct title of the code. If the record shows such final judgment to be erroneous, it is the right of the party aggrieved to have it reversed, vacated or modified, on petition in error, * * * To note an exception to a final judgment, in the court which renders it, after the controversy is there ended, would seem utterly futile. The uniform practice * * * has hitherto been in accordance with these views.

The judgment which is sought to be reversed, in this case. is not in the form of an order or decree, but in that of a *finding* by the court, which precedes the formal decree. * * * As it is substantially a judgment of the court upon an issue not made in the case, * * * we think they should be relieved from all embarassment arising from such an unauthorized finding."

The significant and controling purpose of Chapter 4 relating to exceptions—pointed out in *Bank* v. *Buckingham, supra,* and which is of paramount importance is that—

"*These provisions of the code (found in Chapter 4) treats of and regulates the trial of causes and* * * * *manifestly re late to decisions which are made by the court, upon questions of law which arise during the progress of the trial.*"

An exception is defined, the time when it is to be taken is fixed, the time within which it must be reduced to writing is fixed, and other essential regulations are made by statute.

The specific purpose, meaning and construction of Section 11563 is essential not only to avoid confusion, but to aid in fully comprehending the general purpose of the chapter and its specific provisions.

It provides that:

"When the *decision* objected to is entered on the record, and

grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the entry that he excepts.''

It is to be observed that the whole chapter has to do with, and regulates the taking of an *exception* to a *decision* of the court upon a matter of law.

Provision is made for taking an exception *only* to *a decision.* (11559) The objector to the *decision* must except at the time it is made. (11560) Specific provision is made as to the manner of taking an exception to a charge to a jury. The manner of stating the exception is specified, 11562.

The purpose of Section 11563 is to cover a special finding of facts carried into the journal entry (35 O. S., 113), or when there is an agreed statement of facts.

There is a distinction between a decision and judgment. A decision is the resolution of the principles which determine the controversy.

In *Pipe Line Company* v. *Fell*, 62 O. S., 543, 555, Spear, J., stated:

''It is true that in an abstract sense there is a shade of difference between the import and the word 'decision' and the word 'judgment.' As expressed by Abbott (Law Dict. 351) the decision is the resolution of the principles which determine the contraversy; the judgment is the formal paper applying them to the rights of the parties.''

The chapter on Exceptions has given special meaning to the word *decision,* as having reference to decisions made during trial, and regulating the taking and saving of exceptions thereto.

When a court hears and determines a chancery case, or when a jury is waived and the court makes both a finding of fact and a conclusion of law, in such cases the *decision* in the trial of the causes upon matters of fact and law will be entered on the record, and the grounds of objection will appear in the entry.

The specific purpose of Section 11563 seems thus to be made clear, and having to do with decisions made in trial of causes, therefore, has no relation to a decision or ruling upon a demurrer.

We know that the sustaining or overruling of a demurrer without further order is not a final order. When a demurrer to a petition is sustained, an order placed upon the journal sustaining it is not final, and is not reviewable on error until an order of dismissal is made.

An order overruling the demurrer was made in municipal court, no exception being noted; and thereupon a judgment of dismissal was entered to which exception was noted.

Judge Scott in *Bank* v. *Buckingham, supra,* stated that the provisions regulating the matter of taking exceptions to *decisions* had specific reference to *decisions* made by the court upon questions of law which arise during the progress of the trial, and that the same are all found in title 9 of the code.

One's appreciation of the soundness of this opinion is strengthened by examining the original code, title 9, is entitled: "Trial. Chapter .. Issue 2. Trial," and that they regulate "Trial by jury," "By the Court," "By Referees," "Exception," "New Trial," etc.

Section 11559, part of section 11560, 11562 and 11563 are in the same language as in the original enactment, so that Judge Scott's interpretation that the same manifestly relate to decisions made during trial, and not to other orders or judgments not part of actual trial, is applicable.

In *Geauga Iron Company* v. *Street*, 19 Ohio, 300, decided before the code, it was stated in the syllabus that:

"Error can not be assigned upon any ruling of the court *in the progress of a trial,* unless by the bill of exceptions it appears that an exception was taken to such ruling."

It was stated in the opinion (1850) that:

According to our statute, either party may allege an exception to any opinion, order, or judgment of the court, *and is then entitled to a bill of exception.* The judges, if required by such party, must sign and seal the bill during progress of the cause;

"*In the progress of a trial,* if a motion to direct a non-suit be made to the court, it must be decided; and to the decision upon that motion, either party has a right to accept. But to claim any benefit from the right, the party must exercise it, by actually ex-

cepting to the opinion, and showing that he did so except, by the record. When an objection is made to the introduction of testimony, the court must decide whether it is admissible or not. If either of the parties upon the hearing of the decision, is not satisfied with it, he may except; but if no exception appears upon the record, it will be presumed that none was taken, etc.''

But the sustaining of a demurrer is not a ruling made in the progress of a trial; it is an order made upon the pleadings and is shown by the record of the journal entries or transcript; a bill of exceptions is not essential to place such an order on the record; it appears on the face of the record and is disclosed by a transcript. A bill of exceptions is not essential to bring a ruling on a demurrer to the attention of the reviewing court.

Chapter 4, entitled Exceptions, has relation to the taking of exceptions in the trial and the preparation of bills of exceptions. It has to do with taking exceptions and making them matter of record when the same do not appear on the face of the record. In the preparation of the opinion on this matter we did not go into the matter extensively, but since our good friend—counsel for defendant in error—manifested such interest in the conclusion, we have now discussed the question more fully.

We should study chapter 4 and sections 11559 *et seq.* having to do with ''Exceptions.'' The scope and purpose of this chapter of the code is to make provision for the taking of exceptions and the preparation of bills of exceptions.

No better leader can be found among the judges than Gholson, J., whose opinion in *Ruffner* v. *Board,* 1 Disney, 196 (1856), is instructive, in which case he held that:

''The decision of a court overruling a demurrer to the petition, may be assigned for error, although no exception thereto appears in the record.''

He further states:

The decision of the court, in sections 290 and 291, (now 11559, 11560) means a decision upon trial. It does not refer to a decision upon a demurrer, or other decision not occurring upon the trial, or connected with the trial.

He made reference to the former system of practice in respect to the different method of revising errors in courts of law and in courts of equity. In equity there was no such thing as taking an exception to the decision of the court; in law there was no mode of exception known except that by bill of exceptions, the object of which was to bring the supposed error into the record. Where the matter of error appeared on the face of the record, the party prejudiced had the right to avail himself of such error. There were different methods of reviewing cases at law and in equity. But the code provided but one mode.

Judge Gholson said:

"It can not well be doubted that there may be errors on the record, since, as before the code, which a court of error will revise, though no deception be noted. (After referring to the different chapters of the code he further stated). Now, the exceptions referred to (by the code) would appear to be those connected with the trial, either before a court and jury by the court alone, or by referees; and, although a trial, as appears by chapter 1, etc., headed 'Issue,' embraces the trial of issues of law and of fact, *yet the issues of law here meant are not those arising on a demurrer to the petition.* They had been provided for by previous sections. The issues here meant, and the trial, have reference to the disposition of the case after the pleadings have been completed, to controvert issues of law and fact."

"The term 'exception' therefore in Section 290 *et seq* of the code, is to be controlled by the application of the rule '*noscitur a sociis.*' The decision of the court, in sections 290 and 291 (11559, 11560) means a decision upon a trial. *It does not refer to a decision upon a demurrer, or other decision not occurring upon a trial, or connected with the trial,* as in the case of an application for a new trial, etc.   *   *   *

"It is scarcely necessary to say, that the only matter to be considered   *   *   *   arises on the demurrer of one of the defendants. No exception was noted at the end of the decision. *   *   *   The demurrer of the amended petition should properly have been disposed of by a distinct entry before the final hearing of the case, etc."

Of course where a party neither objects nor excepts to the overruling of a demurrer to a petition, and answers and goes on to trial, the error is waived. *Davis v. Hines,* 6 O. S., 473.

Having concluded that this court has jurisdiction of this proceeding in error, we come now to the substantive question of law presented.

Can a corporation which uses a name differing from its legal corporate name maintain an action thereon.

In Thompson on Corporations, Vol. 1, at page 52, Section 50, it is stated that the adoption of a name is designed chiefly for identification and that:

"A contract by a corporation in a name different from its true name may be enforced by either party where no question is raised disputing the identity of the corporation."

In *Standard D. & D. Company* v. *Coal & Min Co.*, 146 Ill. App. 144 it was held that:

"In the absence of injury or loss by reason of the use of the name 'The Globe Distillery' instead of the 'Standard Distilling and Distrbuting Company' we see no reason for releasing appellants from the force of a contract entered into by it with appellee under the former title. In the *N. W. Distilling Company* v. *Brant*, 69 Ill., 659, it was held that where a deed was made to a corporation by a name varying from the true one, the corporation might sue in its true name, and aver in the declaration that the defendant made the deed to it by the name mentioned in the deed. See *Phillips* v. *Int. Book Company*, 26 Penn. App., 230.

In *Gilligan* v. *Casey*, 205 Mass., 26, 31 *et seq.*, it is stated:

It is well settled that a person or corporation may assume or be known by different names, and contract accordingly, and that contracts entered into will be valid and binding if unaffected by fraud.

The judgment of the Municipal Court is reversed for error in sustaining the demurrer and in dismissing the case.