WILLIAM GILLIGAN COMPANY *vs.* JAMES J. CASEY, & trustee, BYRON R. MITCHELL, claimant.

Suffolk. November 11, 1909. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Name. Assignment. Words,* "Future earnings," "Future wages."

In the absence of fraud and where both parties act in good faith, an individual contractor may make a lawful contract to furnish materials to a city under a name which purports to be that of a corporation and may make a lawful assignment in writing of the money which he is to receive under the contract, signing it in such corporate name by a certain person as president, although there is no corporation of that name and the only connection with the contract of the person named as president is that of a foreman employed by the contractor.

The money to be received under a contract to furnish a city with sand, gravel and crushed stone is not "future earnings" within the meaning of St. 1905, c. 308, nor "future wages" within the meaning of St. 1906, c. 390.

If a person, who holds an assignment in writing of the price to be received by a contractor under a contract to furnish a city with certain materials, causes the assignment to be recorded in the office of the city clerk of the city where the assignor resides, this has no effect upon the construction of the assignment and cannot convert it into an assignment of "future earnings" within the meaning of St. 1905, c. 308, which requires such a recording to make an assignment of future earnings valid against a trustee process.

CONTRACT by a corporation for the sum of $108.70 as the price of sand, gravel and crushed stone furnished by the plaintiff to the defendant, a contractor, the city of Boston being summoned as trustee. Writ in the Municipal Court of the City of Boston dated December 10, 1907.

The trustee, in its answers to interrogatories filed by the plaintiff, admitted that it had in its possession moneys due to the defendant to an amount greater than the sum claimed in the plaintiff's writ, but stated that these moneys were claimed by one Byron R. Mitchell under an alleged assignment from the defendant. On motion of the plaintiff an order of notice was issued to Mitchell, who appeared and filed a statement of claim.

On appeal to the Superior Court the case was heard by *Sanderson*, J., without a jury. The assignment under which Mitchell claimed the funds in the hands of the trustee was as follows:

"Know all men by these presents that we, the Bay State Contracting Company of Boston County of Suffolk and State of Massachusetts in consideration of one dollar and other valuable considerations to us paid by B. R. Mitchell of Boston aforesaid (the receipt whereof is hereby acknowledged) do hereby sell, assign and transfer to said Mitchell all and whatever sum or sums of money now due and coming due to us from the city of Boston, a municipal corporation of said Boston.  To have and to hold the same to the said Mitchell with power to collect the same in his name and as our attorney, hereunto duly authorized to his own use.  It is expressly understood, however, that the said            are forever to be kept and saved harmless by the said            from all cost or charge hereafter in any way or manner, for and from the expense of the collection of the sum and sums hereby sold and assigned.  In witness whereof, we have set our hands and seals this tenth day of June, 1907.

"Bay State Contracting Company,
Thomas Hurley, Pres."  [Seal]

Below was a certificate, signed by the assistant city clerk, that the assignment had been received, entered and examined at a certain hour on June 13, 1907.

The claimant contended that the signature of the assignment was in the name under which the defendant was doing business with the city.  The plaintiff contended that it was a fictitious name used by the defendant without notice to his creditors and was adopted by him for the purpose of concealing from them his contracts with the city of Boston and his assignments of money due under these contracts, and contended that through the use of this name the plaintiff was not notified of the assignment by the record; and further contended that the assignment was an assignment of future earnings under St. 1905, c. 308, and St. 1906, c. 390, and was void for want of compliance with the provisions of those statutes.

The claimant testified in his own behalf as follows: The witness is a broker by occupation.  The defendant on June 10, 1907, signed in his presence and delivered to him the assignment, signing it in the name "Bay State Contracting Company,

Thomas Hurley, President." The witness took it to the city clerk's office and had it recorded. The consideration for the assignment was an advance of $36 made on that day and advances of money to be made thereafter, for the purpose of carrying out a contract which the defendant had with the city of Boston for the construction of a macadam roadway on a street called Fenwood Road, this contract being signed and executed in the name " Bay State Contracting Company, Thomas Hurley, President." The witness subsequently furnished the defendant with moneys for that purpose in reliance on the assignment, amounting to $4,700, and collected from the city of Boston under the assignment before the service of the plaintiff's writ the sum of $2,978.99, leaving due to him from the defendant at the time when the writ was served the sum of $1,721.01, including interest.

On cross-examination the claimant testified that when he got the assignment recorded he made no effort to have it recorded in the name of the defendant as assignor, and that he had never in his business dealings with the defendant seen any sign with the name " Bay State Contracting Company" at his place of business.

James J. Casey, the defendant, called as a witness by the claimant, testified in substance as follows: The witness's occupation at the time the writ was served was that of a contractor. From 1902 to 1906 he had worked for the city of Boston as a foreman. On May 28, 1907, he entered into a contract with the city of Boston for the construction of a macadam roadway in Fenwood Road. The contract was signed " Bay State Contracting Company, Thomas Hurley, President." The witness was doing business under that name. On June 10, 1907, he executed the assignment as printed above, signing it in the same way, and delivered it to the claimant. The consideration for the assignment was money furnished by the claimant to the witness for the performance of the Fenwood Road contract of May 28, 1907. Money was furnished to him by the claimant, as testified to by the claimant, when the witness needed it to pay the men or for other purposes, and at the time of the service of the writ upon the trustee there was due to the claimant from the defendant the amount stated by the claimant. The witness did

not do manual work as a laborer on the contract job, but "bossed" it or had a general superintendence of the work. He had a foreman in his employ named Thomas Hurley.

On cross-examination, the defendant testified that he had received and used the sand, gravel and crushed stone referred to in the plaintiff's declaration to the value of $3.60 on this and the rest on former contracts. The bill for it was made out in his name, and he made no objection to this when he received it. When he arranged with the treasurer of the plaintiff for the furnishing of these materials he alone talked with the treasurer. The witness then did not mention any Bay State Contracting Company, nor any other corporation, nor Hurley, nor anybody except himself. Previous bills were sent by the plaintiff to the witness made to him personally. The witness had personally paid these to the plaintiff's treasurer, and had not mentioned the name of any company. There was in fact no such corporation. The Boston directory of 1907 showed the name of James J. Casey, contractor, but did not show any Bay State Contracting Company. The witness had no sign at his place of business with that name. Thomas Hurley was not the president of any corporation. He used Hurley's name because Hurley was a non-union man, and the pavers, who were union men, would not work with him unless he was supposed to be on the contract, — that is, unless he was supposed to be part owner of the work. The witness was the only person interested in his business. Hurley did not share in profits or losses. The witness "bossed" the job.

The counsel for the claimant stated that he did not contend that the defendant was equally as well known in business under the name of "Bay State Contracting Company" as under his own name.

The plaintiff asked the judge to make the following rulings:

"1. The burden of proof is upon the claimant to prove a valid assignment to him.

"2. There can be no valid assignment by any person, which is good against attaching creditors, unless the assignment is made and recorded by him in his own name, or, if in another name under which he does business, unless that name is one under which he is, as matter of fact and notoriety, equally well known as by his individual name.

" 3. The assignment under which the claimant claims title to the fund in question was an assignment of future earnings under St. 1905, c. 308, and was invalid as against the plaintiff as an attaching creditor, because it was such an assignment as is made invalid by that statute.

" 4. The assignment under which the claimant claims this fund was invalid because it was an assignment of wages under St. 1906, c. 390, and did not conform to the requirements of that statute.

" 5. In considering whether or not this was an assignment of future earnings, or of wages, the court may take into consideration the construction put upon it by the claimant. The fact that he recorded the assignment is evidence tending to show that he considered it an assignment which required record under the statutes above referred to."

The judge made the first ruling requested, and refused to make the others. He filed the following memorandum of decision: " The court finds that the defendant made a contract with the city of Boston under the name of Bay State Contracting Company, Thomas Hurley, President, and that he assigned the payments to become due under this contract, using the same name, to the claimant for advances of money made on that day and to be made by the claimant to the defendant thereafter, and that at the time when the trustee process was served the defendant was indebted to the plaintiff by reason of such advances in a larger sum than the amount then due the defendant from the city of Boston. The defendant had previously done business under the name of Bay State Contracting Company. One Thomas Hurley was employed by the defendant to perform the defendant's contract. The defendant gave general directions concerning the work to Hurley. He was present while the contract was being performed, on part of each day, and kept a record of the time of the men who worked for him. There was also evidence that at one time he held one end of a line to get a grade, and at another time told a teamster where to dump a load of sand."

The judge found for the claimant in the sum of $1,721.01; and the plaintiff alleged exceptions.

*O. O. Partridge,* for the plaintiff.

*W. B. Orcutt,* for the claimant.

MORTON, J. The issue in this case relates to the validity of the assignment under which the claimant asserts title to the funds in the hands and possession of the trustee. The case was tried in the Superior Court, on appeal from the Municipal Court of the City of Boston, without a jury, and the judge found in favor of the claimant. The defendant was defaulted. The case is here on exceptions by the plaintiff to the refusal of the judge to give certain rulings that were requested by it. The first ruling asked for was given; the others were refused.

The assignment was executed by the defendant in the name of "Bay State Contracting Company, Thomas Hurley, Pres." The judge found that the defendant had previously made a contract with the city of Boston under the same name, and that for advances made when the assignment was executed and to be made thereafter, he assigned to the claimant by the assignment in question the payments to become due under that contract. The judge also found that when the trustee process was served the defendant was indebted to the claimant for a larger amount than the amount then due to the defendant from the city of Boston under the contract. And he further found that the defendant previously had done business under the name of the Bay State Contracting Company. There was no finding of fraud or of anything tending to show that the claimant and the defendant acted otherwise than in good faith.

It is well settled that a person or corporation may assume or be known by different names, and contract accordingly, and that contracts so entered into will be valid and binding if unaffected by fraud. *Minot* v. *Curtis,* 7 Mass. 441. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 176. *Gifford* v. *Rockett,* 121 Mass. 431. The validity, so far as third parties are concerned, of contracts entered into by a person or corporation under a name other than his or its own proper name does not depend upon whether he or it is as well known by that name as by his or its true name, but upon whether *quoad* the particular transaction, the name is used in good faith by the party adopting it as a *descriptio personæ.* It follows that the second request was rightly refused.

The third and fourth rulings requested were based on a view which treated the assignment as an assignment of future earnings or future wages under St. 1905, c. 308, and St. 1906, c. 390.

The contention thus made is disposed of by *Chester* v. *McDonald*, 185 Mass. 54. The words "future earnings" or "future wages" in the statutes referred to can have no different meaning from the words "future earnings" in R. L. c. 189, § 34, which were the subject of consideration in that case. The facts in that case were very similar to those in the case before us, and that case must be regarded as decisive of this. The third and fourth rulings requested were properly refused.

The fact that the claimant caused the assignment to be recorded cannot convert into an assignment of future earnings an instrument of a different character or affect the construction to be given to it. The fifth instruction requested was properly refused.

*Exceptions overruled.*