JACOB WERLIN *vs.* EQUITABLE SURETY COMPANY.

Suffolk.    March 27, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bond. Contract,* What constitutes. *Estoppel. Name.*

An individual person cannot maintain an action against a surety company on a bond in which the obligee is described only as the "New Boston Biscuit Company, a corporation of Malden, Massachusetts," where the plaintiff testifies that there was no such corporation as the New Boston Biscuit Company in existence, and the defendant's agent, who executed the bond for it, testifies that acting for the defendant he believed at the time of the execution and delivery of the bond that the surety company was making a contract with a Massachusetts corporation and not with the plaintiff individually, and that, if he had been informed that the New Boston Biscuit Company did not exist as a corporation but that the plaintiff individually was the proprietor of the business mentioned in the bond, he would not have executed the bond in behalf of the defendant, at least not without further investigation, and where it also appears that the defendant was not informed until the action was brought that the plaintiff claimed to be the obligee named in the bond, there being no evidence of a contract between the plaintiff and the defendant.

In the same case it was *said* that the plaintiff, after his representations that he was acting in behalf of an existing corporation, which were relied on by the defendant, was estopped to deny the existence of the corporation and to assert that the contract contained in the bond was made with him individually.

*Whether* the failure of a person transacting business in a name not his own to have filed a certificate with the clerk of the city in which he carries on his business as required by St. 1907, c. 539, § 1, is a defence to an action brought by him on a bond purporting to be made to a company in whose name he carries on his business, here was mentioned as a question which it was not necessary to consider in the present case.

CONTRACT on a bond under seal dated October 9, 1913, of which the first three paragraphs are printed below. Writ dated March 21, 1914.

The first three paragraphs of the bond sued upon were as follows:

"Know all men by these presents, That we Omaha Machine Works, a corporation of Nebraska, and L. C. Sharp, of Omaha, Nebraska, (hereinafter called the 'Principal') as Principal, and the Equitable Surety Company, a corporation under the laws of the State of Missouri, having its principal office in the City of St. Louis, Missouri, (hereinafter called the 'Surety') as Surety,

are held and firmly bound unto New Boston Biscuit Company, a corporation of Malden, Massachusetts, (hereinafter called the 'Obligee'), in the sum of Two thousand (2000) dollars, to the payment of which said sum of money, well and truly to be made, the said Principal and Surety bind themselves, their heirs, executors, administrators, successors, assigns and legal representatives, jointly and severally firmly by these presents.

"Whereas the Principal has entered into a written contract dated September 26th, 1913, with the Obligee for the delivery, within a reasonable time, four (4) Ice Cream Cone Machines, known as the 'Rumpel Patent Cone Machine,' to obligee at Malden, Massachusetts, as per contract, which is made a part hereof, the same as if it were written herein, in full.

"Now therefore, the condition of this obligation is such, That if the said Principal shall faithfully perform said contract according to the terms, covenants and conditions thereof, by the Principal to be performed (except as hereinafter provided) then this obligation shall be void, otherwise to remain in full force and effect."

In the Superior Court the case was tried before *Bell*, J. The evidence is described in the opinion. At the close of the evidence the defendant moved to have all the evidence offered in the case stricken out and especially the bond and contract in question and for a verdict for the defendant. The judge refused to make at that time any ruling upon this motion and stated to the counsel that he desired to have the jury pass upon certain issues before making any rulings. Thereupon, he framed and submitted to the jury the following issues, to which the jury returned the answers appended:

"1. Did Sharp, acting in behalf of the Omaha Machine Works, believe that he was contracting with Jacob Werlin doing business under the name of the New Boston Biscuit Company and intend to contract with Werlin; or did Sharp believe that he was contracting with the New Boston Biscuit Company, a corporation, and intend to contract with it?" The jury answered, "Jacob Werlin."

"2. Did or did not the first machine sent and received satisfactorily operate and run as required by the contract?" The jury answered, "No."

"3. Were or were not the other three machines repaired,

improved and shipped as soon thereafter as they could be properly and accurately repaired and improved as required by the contract?" The jury answered, "No."

"4. If the jury answer either Question 2 or 3 in the negative, then was or was not notice of such breach given to the surety company as required in the bond?" The jury answered, "Yes."

By order of the judge the jury returned a verdict for the defendant. The plaintiff alleged exceptions to the ordering of the verdict and "to all rulings necessarily concerned in such verdict, and particularly to the ruling of the court that the wording of the bond is such as to prevent recovery by the plaintiff, and also to the ruling that by reason of the plaintiff's failure to file the certificate in the city clerk's office he is not entitled to recover."

Thereupon at the request of the plaintiff the judge reported all questions of law raised upon the record for determination by this court.

St. 1907, c. 539, § 1, is as follows: "Any person or persons conducting or transacting business in this Commonwealth under any name, designation or title other than the real name or names of the person or persons conducting or transacting such business, whether individually or as a firm or partnership, shall file in the office of the clerk of the city or town in which the place or places of business or office or offices of any such person, firm or partnership may be situated, a certificate stating the full name and residence of each person engaged in or transacting such business. The clerk shall keep a record of such certificates, and an index of the names of such persons, firms and partnerships, entering in such index in alphabetic order the name of every person and the title under which he does business, and of every firm or partnership and the names of the members thereof."

Section 2 of this statute, which contains a statement of the corporations, firms, associations and trustees to which this statute shall not apply, was amended by St. 1908, c. 316, but no change was made in § 1 as quoted above.

*E. C. Stone,* (*J. Michelman* with him,) for the plaintiff.

*A. L. Taylor,* (*C. P. Richardson* with him,) for the defendant.

DE COURCY, J. By the express language of the bond in suit the Equitable Surety Company became bound "unto New Boston Biscuit Company, a corporation of Malden, Massachusetts,

(hereinafter called the 'Obligee'), in the sum of Two thousand (2000) dollars." And one of the express conditions precedent to the right of recovery was "Fourth: That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the Obligee herein named." In the application for the bond, the requirement "Give exact title of firm, organization or individual to whom bond is given" was answered "New Boston Biscuit Company, a corporation of Malden, Massachusetts." The amended declaration alleged that "the defendant executed and delivered to the plaintiff, [Jacob Werlin] who was doing business under the name of the New Boston Biscuit Company, a corporation of Malden, Massachusetts, and who in fact is the obligee named . . ." the bond in question.

` As matter of construction there is no uncertainty or ambiguity as to who is the obligee named in this bond. The defendant contracted with the New Boston Biscuit Company, a corporation. Plainly this plaintiff could not sue as obligee if the corporation was an existing one., *Flynn* v. *North American Life Ins. Co.* 115 Mass. 449. *Penn Match Co.* v. *Hapgood*, 141 Mass. 145. *Mathews Slate Co.* v. *Sweeney*, 219 Mass. 285. *Frank* v. *Millen*, 226 Mass. 71. *Jordan Marsh Co.* v. *Beals*, 201 Mass. 163. According to the testimony of the plaintiff there was no such corporation as the New Boston Biscuit Company in existence. In connection with this fact, however, the following facts must be taken into consideration: The defendant's agent, Byrne, who executed the bond in suit, testified that he believed in behalf of the defendant at the time of the execution and delivery of the bond, that the surety company was making a contract with a corporation duly organized and existing under the laws of the State of Massachusetts, and not with the plaintiff individually; and that had he been informed that the New Boston Biscuit Company as a corporation did not exist, but that J. Werlin personally was the proprietor of the business, and that he was dealing with the plaintiff as an individual, he would not have executed the bond in behalf of the defendant, at least not without further investigation; and he stated reasons why it was more desirable for a surety company to make contracts with corporations. This testimony was not rebutted, and was admitted rightly. *Blaney* v. *Rogers*, 174 Mass. 277. Further, although the bond was handed to the plaintiff in October, 1913,

in the office of Mr. Byrne and remained in his possession until he gave it to his attorney, he never notified the defendant of any mistake in the obligee named or sought to have such mistake corrected. It further appears that in the Omaha Machine Works contract and in the letters to the defendant written by the plaintiff's counsel, the contracting party is referred to always as the New Boston Biscuit Company and not as J. Werlin; and Byrne testified that until after this action was brought he never was informed that the plaintiff claimed to be the actual obligee named in the bond. In these circumstances it does not appear that there was any contract between the individual plaintiff and the defendant. *Sanders* v. *Filley,* 12 Pick. 554. See *Boston Ice Co.* v. *Potter,* 123 Mass. 28, 30; *Stevenson* v. *Donnelly,* 221 Mass. 161, 165. Indeed it is difficult to see why the plaintiff is not estopped as against this defendant from now asserting that the New Boston Biscuit Company was not an existing corporation. *O. Sheldon Co.* v. *Cooke,* 177 Mass. 441, 443. *Nickerson* v. *Massachusetts Title Ins. Co.* 178 Mass. 308, 311. Bigelow on Estoppel, (6th ed.) 495. It does not avail the plaintiff that under the answer which the jury gave to the first issue it is settled that Sharp, acting for the Omaha Machine Works, believed that he was contracting with the plaintiff, and intended so to contract. Sharp's knowledge cannot be imputed to this defendant, on the evidence disclosed.

There was no evidence that Jacob Werlin carried on business under the trade name of the New Boston Biscuit Company, a corporation. See *Crompton* v. *Williams,* 216 Mass. 184; *William Gilligan Co.* v. *Casey,* 205 Mass. 26, 31; *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136. We assume it could be found that the business in ice cream cones carried on in the name of the "New Boston Biscuit Company" for which his father Samuel Werlinsky had filed a certificate as owner under St. 1907, c. 539, was in fact owned by the plaintiff. But the word "corporation" was not used in that trade name. It may be added that the insertion "a corporation of Malden, Massachusetts" cannot be regarded as a mere clerical error on this record. *Hewes* v. *Cooper,* 115 Mass. 42.

The judge rightly ruled in effect that in this common law action on the bond the defendant was liable only to the obligee therein named and not to this individual plaintiff. It is not necessary to

consider whether he was correct in ruling that the plaintiff could not recover for the further reason that he did not file a business certificate with the city clerk of Malden under St. 1907, c. 539, as amended by St. 1908, c. 316. See *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458. Under the terms of the report the entry must be

<i>Judgment for the defendant.</i>