LUNN AND SWEET COMPANY *vs.* NATHAN WOLFMAN & another.

SAME *vs.* SAME.

Suffolk. January 28, 29, 1926. — June 28, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes. *Corporation.*

At the hearing by a judge without a jury of an action upon a contract in writing for the sale and delivery of certain goods to the defendant, the judge found that a certain corporation for many years had done business with the defendant; that, without any fraudulent purpose, it sold all its assets to the plaintiff, a corporation newly organized with the same stockholders, directors and officers, and that thereafter all the business was conducted by the plaintiff; the original corporation, however, kept its corporate existence. A salesman of the original corporation, who had dealt with the defendant and who continued in the employment of the plaintiff, made with the defendant the contract in issue in the name of the old corporation. He testified that he did so by mistake. Shipments were made under the contract and not until after the action was begun did the defendant learn of the change in the corporation. If he had known of the change, he would have been as ready and willing to contract with the new corporation and accept shipments from it as with the old corporation. The judge made no finding as to whether the old corporate name was used by the salesman by mistake, ruled that, the contract on which the action was based not having been made by the plaintiff with the defendant, the plaintiff could not recover, and for that reason alone found for the defendant. *Held,* that

(1) The salesman was the agent of the new corporation;

(2) There was no question of equitable defences or set-off between the defendant and the old corporation;

(3) It appearing that the personality of the other contracting party was a matter of indifference to the defendant and that there was no fraudulent concealment of the identity of the plaintiff, and there being

testimony which would justify a finding that an erroneous name was inserted by the agent in the contract by reason of his mistake, the identity of the party who made the contract with the defendant might be shown and the contract then be enforced by that party, the plaintiff;

(4) The trial judge erred in ruling that as a matter of law the contract was not made by the plaintiff with the defendant.

(5) The case, which was before this court on a report, was remanded for determination as a fact of the issue, whether the contract was made by the plaintiff with the defendant, and for the entry thereafter of such judgment as might be required by a finding on that issue.

Two ACTIONS OF CONTRACT with declarations described in the opinion. Writs dated August 7, 1920, and March 26, 1921, respectively.

In the Superior Court, the actions were heard together by *Lawton*, J., without a jury. Material facts found and rulings made by him, and the terms of a report by him to this court are stated in the opinion.

*P. N. Jones*, for the plaintiff.

*E. F. McClennen*, (*J. J. Kaplan* with him,) for the defendants.

SANDERSON, J. These are two actions of contract: one (with a declaration in eleven counts) for the price of shoes delivered under a written contract, with the eleventh count upon an account annexed for shoes delivered on the same dates and for the same amounts as those referred to in the preceding counts; and the other for loss sustained from the defendants' failure to take other shoes under the same contract. In all counts, except the one on the account annexed, the plaintiff alleged that it entered into the contract, by mistake, in the name of Lunn and Sweet Shoe Company. The answers set up a general denial, that the remedy for the mistake alleged is in equity, and other defences. The cases were heard by a judge of the Superior Court without a jury, who made findings of fact and, at the request of the defendants, ruled that, as the contract on which the actions are based was not made by the plaintiff with the defendants, the plaintiff could not recover on any count in either action; and because of that ruling and for that reason alone he found and ordered judgment for the defendants. The plaintiff excepted to the ruling, finding and order. The

cases were reported upon an agreement of the parties that, if the ruling and finding for the defendants were correct, judgment is to be entered for the defendants in each case, otherwise such orders and directions are to be made as justice may require; and upon a further agreement as to the amount of the judgment in each case if judgment should be entered for the plaintiff. The judge found facts as follows:

The Lunn and Sweet Shoe Company, a corporation organized under the laws of Maine, was engaged in the manufacture of women's shoes prior to October 1, 1919, and for several years before that date the defendants had, by annual contracts with that corporation, bought all the shoes of certain styles which had been damaged in the course of manufacture. On October 1, 1919, this company sold all its assets, including real estate, personal property, contracts, accounts, bills receivable, trade marks, trade names and good will of the business, to the plaintiff Lunn and Sweet Company, a corporation organized shortly before that date under the laws of Delaware. The stockholders, directors and officers of both corporations were the same. "The new corporation was formed and the assets and the business of the earlier corporation transferred to it for proper reasons and with no fraudulent purpose. The Delaware corporation has, since October 1, 1919, carried on the same business as that of the Maine corporation and at the same place, Auburn, Maine. On the same date, the directors of the Delaware company voted as follows: 'To continue the business of the Lunn & Sweet Shoe Company through the acquisition and ownership of its capital stock, in the name and account of that corporation until the end of its current fiscal year, November 30, 1919.' Thereafter neither corporation took any action in reference to the other. The Maine corporation is still in existence but has not acted in any way." We interpret the word "thereafter" to refer to October 1, 1919.

On November 20, 1919, Nathan Wolfman, one of the defendants, visited the factory at Auburn, Maine, and met one Moran (the selling agent of the new corporation) who knew all the foregoing facts. He had been the selling agent of the old corporation and Wolfman had always dealt with him.

A contract in writing for one year for factory damaged shoes was entered into on the date last mentioned purporting to be between the defendants and Lunn and Sweet Shoe Company. It was signed "Lunn & Sweet Shoe Company by W. T. Moran." Moran testified that he used the name Lunn & Sweet Shoe Company by mistake, but the judge made no specific finding in regard to that matter. Shoes shipped under this contract in 1920 were invoiced on invoice heads of the Lunn and Sweet Shoe Company, were paid for by checks all payable to Lunn and Sweet Shoe Company, and all bore indorsement in that name followed by the words "for deposit only to the credit of Lunn & Sweet Company, T. D. Sweet, Treasurer." Letters written by the plaintiff to the defendants between February 1, and September 1, 1920, were on the letterheads of Lunn and Sweet Shoe Company with the word "shoe" crossed out and were signed Lunn & Sweet Company. Some of the receipts to the Boston and Maine Railroad for these shoes were signed in the name L. and Sweet Co. or by equivalent designation. Bills of lading during the period bore the name stamped in red letters against the shipper's name "Lunn & Sweet Co."

The finding is made that, neither at the time of executing the contract nor thereafter until action was begun, did the defendants have actual knowledge of the existence of the Delaware corporation or any constructive notice of it, unless the foregoing facts require that finding. It also is found that if they had known it, they would have been as ready and willing to contract with the new corporation and accept shipments from it as with the one they supposed they were contracting with. There was no evidence of fraudulent intent or purpose in the use of the name of the old corporation, nor in the failure to acquaint the defendants with the change in corporation, unless it follows as matter of law from the foregoing facts.

Sometime during the year 1920, the price of shoes fell so that new shoes were selling for less than the price in the contract for factory damaged shoes. In May, 1920, one of the defendants made complaint that the plaintiff was shipping shoes of first quality as factory damaged shoes. The

judge, however, found that all shoes shipped were factory damaged. No exception was saved to the refusal by the judge to give the ruling requested by the defendants as to factory damaged shoes, and the report does not make this one of the questions to be decided.

The first action was begun August 7, 1920, by writ describing the plaintiff by its true name and as a corporation organized under the laws of Delaware. The plaintiff continued to ship shoes to the defendants until September 1, 1920, and thereafter the defendants paid the plaintiff for a part of the shoes for which that action was brought, and the parties discussed submitting their controversy to arbitration. In November, 1920, the plaintiff's attorney wrote the defendants' attorney that he understood that the defendants would accept accumulated factory damaged shoes rather than have the plaintiff dispose of them and charge the loss to the defendants. "Therefore our clients will send Wolfman Brothers these shoes forthwith." The attorney for the defendants, in replying to this letter, made no reference to the suggestion respecting the shipment of shoes. In January, 1921, the plaintiff notified the defendants of the quantity of factory damaged shoes being held for their advice as to shipment, and the defendants refused to accept delivery of them. They had not fulfilled the contract in regard to payment for goods before September 1, 1920.

One of the defendants testified that he did not know until about a week before the trial that the plaintiff claimed he had made the contract with the Delaware company. It appeared from the report that all the shoes which the defendants contended were not factory damaged were in their possession at the time of trial.

The finding and order for judgment for the defendants are based solely upon the ruling of law made at the request of the defendants. This ruling cannot be construed to be a finding of fact, and the first question to be decided is, whether the trial judge was justified in making the ruling. In addition to the facts found, certain evidence is reported at the request of the defendants. The report states that all facts and evi-

dence necessary to a determination of the questions of law raised are set forth in the report.

Upon the facts found, Moran in making the contract was agent of and acting for the plaintiff. It is either found or could be inferred from the findings that the old corporation had ceased to do business and that Moran then had no authority to act for it. It would follow that the only contracting parties present when the contract was made were the plaintiff and the defendants. At that time the new company had acquired the property of the old and succeeded to its business of manufacturing shoes. All shoes delivered under the contract were shoes of the plaintiff, and it seeks to recover in the first action the balance due for shoes so delivered. The defendants have had the benefit of the performance of the contract.

The plaintiff is not seeking to establish a contract by implication but solely on the ground that it was the real contracting party. There is no question of equitable defences or set-off between the defendants and the old company, and, upon the finding to the effect that the defendants would have been as willing to contract with and receive goods from the new company as the old, the personality of the other contracting party was a matter of indifference to the defendants. Apparently they were willing to contract with the party who had the shoes to sell.

There was no fraudulent concealment of the identity of the plaintiff, and upon the testimony of Moran a finding would have been justified that an erroneous name was inserted in the contract by reason of his mistake. Upon the facts found, the identity of the party in fact making the contract may be shown and the contract enforced by that party. See *Commercial Bank* v. *French*, 21 Pick. 486, 489; *Charitable Association in Granville* v. *Baldwin*, 1 Met. 359, 365; *Clement* v. *British American Assurance Co.* 141 Mass. 298, 302, 303; *Kaufmann* v. *Sydeman*, 251 Mass. 210; *Blenkiron Brothers* v. *Rogers*, 87 Neb. 716.

In the cases which permit an undisclosed principal to sue on a written contract made in his behalf by an agent, the doctrine is recognized that privity of contract may be es-

tablished without showing knowledge on the part of the defendant of the person with whom he contracts. See *Lerned* v. *Johns,* 9 Allen, 419; *National Life Ins. Co.* v. *Allen,* 116 Mass. 398; *Sheehan* v. *Marston,* 132 Mass. 161, 162.

The facts found distinguish the case at bar from those in which the plaintiff has not been permitted to recover because of fraudulent concealment of identity, or because the personality of the other contracting party was not a matter of indifference to the defendant, or because the plaintiff was relying upon a contract created by implication. See *Boston Ice Co.* v. *Potter,* 123 Mass. 28; *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398; *Werlin* v. *Equitable Surety Co.* 227 Mass. 157; *Leone's Case,* 239 Mass. 1; *Gordon* v. *Street,* [1899] 2 Q. B. 641; *Boulton* v. *Jones,* 2 H. & N. 564. See also *New England Cabinet Works* v. *Morris,* 226 Mass. 246.

Upon the facts found and the evidence reported, the trial judge erred in ruling that the contract was not made by the plaintiff with the defendants. The question, whether they were the contracting parties, presented an issue of fact, and the plaintiff's contention that, as matter of law, upon the findings judgment should be entered for it, cannot be supported.

The case is remanded to the Superior Court for the determination of the question, whether the contract was made by the plaintiff and defendants, as an issue of fact, and for the entry of such judgment as may be required by the finding.

*So ordered.*