THE BERGER MANUFACTURING CO., RESPONDENT, v. THE PHILLIPS HOTEL OPERATING COMPANY, APPELLANT.—67 S. W. (2d) 997.

Kansas City Court of Appeals. January 8, 1934.

*L. L. Watts* for respondent.

*Ringolsky, Boatright & Jacobs* for appellant.

CAMPBELL, C:—Plaintiff's action is in three counts. Count 1 is in equity and prays a reformation of the contract therein described upon the ground of mutual mistake. In counts 2 and 3 plaintiff seeks to recover damages caused by the alleged failure of the defendant to perform the contract as reformed. The cause was tried to the court, resulting in decree for plaintiff as prayed in count 1, finding for plaintiff on count 2 in the sum of $1620.75, finding for plaintiff on count 3 in the sum of $1629.50 and judgment for the plaintiff for the total sum. Defendant has appealed.

The first count of the petition alleged that:

"On the 2nd day of June, 1930, in the City of Kansas City, Missouri, plaintiff, by and through its agent, and defendant, by and through its agent, entered into a certain written contract, . . . which said contract was made and delivered subject to the approval thereof by the home office of the plaintiff, on the 18th day of June, 1930, duly ratified, approved and accepted. Plaintiff states that the description and designation contained in said contract of the corporate name of the defendant, in the body of the contract as well as in the signature thereto by the defendant's agent, was erroneous, and does not in fact correctly name, designate or describe the corporate name of the defendant company; that whereas said contract describes names and designates the corporation as 'The Phillips Hotel Company,' the same should have been described as follows: 'The Phillips Hotel Operating Company;' that in order to make said contract binding upon the defendant herein, as intended by each of the parties thereto, said description and designation of the corporate name of the defendant should be corrected, amended and reformed by inserting between the words 'Hotel' and 'Company' in the body of the contract, and in the signature to the contract, the word 'Operating,' so that the description and designation of the corporate name of the defendant, as reformed and corrected, should read as follows, to-wit: 'The Phillips Hotel Operating Company.'

"Plaintiff says that said contract was incorrectly written as aforesaid by the mutual mistake of the scrivener who drew the same and by the agent of the defendant who signed the same, and that it did not express the mutual intent of the parties thereto, but was executed and delivered by defendant, and was received and executed by plaintiff, under a mutual mistake of the facts as to the correct designation of said corporate name. . . ."

In 1930, the defendant corporation was organized under the laws of Missouri for the purpose of constructing a building known as the Phillips Hotel, 12th Street & Baltimore Avenue in Kansas City. Mr. C. E. Phillips was its president and active in its management. He was also president of the Phillips Hotel Company, a Missouri corporation. The contract was signed by plaintiff in its corporate name and "The Phillips Hotel Co. O. C. McMillin." The evidence

of both plaintiff and defendant shows that the contract was written and signed precisely as the representatives of the parties who prepared it intended it should be written and signed. Hence, there was no mutual mistake either in the terms of the contract or in the name signed thereto.

It is clear that the parties in interest, including Mr. Phillips, believed and acted upon the belief that the corporation which was then engaged in constructing the hotel building was the purchaser of the materials specified in the contract. A copy of the contract was delivered to Mr. Phillips about June 23, 1930. On June 27, 1930, he wrote to the defendant as follows:

"We may find it necessary to cancel the order recently given you for wire and mesh for our job at 12th & Baltimore.

"We have in mind at the present time, giving this entire job to the plaster contractor, they all state that much better prices are quoted them than you have shown us, therefore, we wish you would not deliver any materials on the job until you hear from us further."

The statement, "we may find it necessary to cancel the order recently given you for wire and mesh for our job at 12th & Baltimore," was an admission that the corporation which was engaged in constructing the building "at 12th & Baltimore" was the purchase of the materials which the contract bound the plaintiff to furnish.

The evidence shows misnomer of the corporation and not mutual mistake of the parties to the contract. The plaintiff's action was, therefore, legal and not equitable. [Underhill Construction Co. v. Milson, 3 S. W. (2d) 399; Lunn & Sweet Co. v. Wilfman, 152 N. E. 893; 14 C. J. 324.] An equity will not decree reformation of a signature to a contract "apparently complete as executed." [53 C. J. 597.] Neither pleading nor proof authorized decree of reformation.

In the trial of count 1 the parties stated to the court that plaintiff was not entitled to recover on counts 2 and 3 unless the contract was reformed as prayed in count 1.

In the trial of counts 2 and 3 no evidence was introduced tending to show misnomer of the corporation. Having determined that the court was without power to decree reformation of the contract it necessarily follows that there was neither pleading nor proof sustaining the judgment for plaintiff on counts 2 and 3, and for that reason the judgment cannot be upheld. It may be that plaintiff will conclude to amend its petition so as to allege facts showing misnomer of the corporation. We will therefore not reverse the judgment without remanding the cause. The judgment is reversed and the cause remanded. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.