Nos. 2992, 2993          Northern          Middlesex, ss.

## SUTCLIFFE STORAGE & WAREHOUSE CO., INC.

(Hudson & Hudson)

## v. CAR & GENERAL INSURANCE CORP.

(E. Russell Greenhood)

From the District Court of Newton—Murray, J.
Argued October 27, 1941—Opinion Filed November 24, 1941

PETTINGELL, J. (Jones, P.J., & Sullivan, J.)—The first action is one of contract to recover premiums for insurance placed on the defendant's property. The action is described in the report as an "action of contract." In the defendant's brief it is described as a quantum meruit.

The second action, in effect a cross action, is one for money had and received to recover the amounts actually paid by the insured to the insurer by mistake, possibly relating to the premiums paid by the insured for the insurance described in the first action.

There was a finding for the insurance company, as plaintiff, in the first action, and for the insurance company, as defendant, in the second action. The Sutcliffe Corporation, defendant in the first action, and plaintiff in the second, is the appellant. The appeal in the first action is first to be considered.

A report does not bring to the Appellate Division every contention or theory of the parties; it brings only those issues to which the attention of the trial judge is specifically directed by appropriate pleadings; on appeal such issues, with the record

of the pleadings or rulings presented and the trial judge's action thereon are reported by the trial judge to the Appellate Division. Only those issues are open to the appellant in the Appellate Division which have been raised thus in the trial court; *Commissioner of Banks* v. *T. C. Lee & Co.*, 291 Mass. 191. *Coleman* v. *Wallace*, 299 Mass. 475.

The only issues so reported by the trial judge are those raised by his action on seven rulings requested by the appellant; a study of the report does not disclose any other ruling made by him. His decisions for the insurance company are not rulings but findings. The issues thus raised by the disposition of the rulings are to be considered in detail later.

We do not see, therefore, any manner in which the appellant's contentions argued are before us except as they are raised by these requests. It has not, in its brief or orally, specifically argued the various rulings requested, but has devoted both brief and argument to an attempt to differentiate the case of *American Mutual Liability Insurance Co.* v. *Condon*, 280 Mass. 517, from the cases of *Ritson* v. *Atlas Assurance Co., Ltd.*, reported in 272 Mass. 73, and 279 Mass. 385. Its contention in that respect is briefly, that the insurance company, having issued policies of insurance to two individuals as partners, cannot now recover from the corporation, which those individuals had formed, the cost of the insurance placed, according to the finding of the trial judge, upon the property and business of the corporation. The basis of its argument is the technical difference between individuals and corporations, as if in actual business transactions there are no instances of the use of business names, separate and distinct from the actual names of the parties concerned. None of its argument is addressed to the actual identity of the contracting parties or their intention in making the contract. As will be seen, these factors are material in determining liability.

The imperfect condition of the report prevents a proper decision of this contention; it leaves us to speculation as to what the pleadings are, and as to what issues have been raised and tried. The report contains no exact information upon which we can rely. The rule is that one burden of the appellant is to establish error by a sufficient record; we are compelled to decide that the burden has not been sustained. *Lenehan* v. *Travers*, 288 Mass. 156, *Kolda* v. *National Ben Franklin Fire Ins. Co.*, 290 Mass. 182.

The general contention of the appellant, therefore, is not open to it in this court as presented by its argument and we are confined in our decisions to those issues which are open to the appellant as the report is drawn, by the rulings requested by the appellant, seven in number, the disposition of which raise the only issues open to the appellant.

The first requested ruling was denied as "inapplicable to facts found." A request which is not pertinent to facts found

by the trial judge is properly denied. *Crowningshield Shipbuilding Co.* v. *Jackman,* 283 Mass. 21. This request was properly denied.

The fact that the policies are not made out to the appellant as a corporation is not final or conclusive in the matter of the disposition of the second request. A corporation, such as the appellant is, may contract in a name not its own. *William Gilligan Co.* v. *Casey,* 205 Mass. 26. An individual may do the same. *Farnum* v. *Bankers & Shippers Co.,* 281 Mass. 364.

It is to be noted that in one of the policies attached to the report the insured is described as "William Sutcliffe and Ellis Sutcliffe d/b as Sutcliffe Storage Company"; in the other policy so attached, the insured is described as William & Ellis Sutcliffe d/b/ as Sutcliffe Storage Garage Company." The legal name of the defendant corporation is the "Sutcliffe Storage & Warehouse Company, Inc." The individuals set forth in the pleadings are thus described as doing business in names very close to the actual name of the insured corporation. It appears from the report that the two Sutcliffes, partners, founded the appellant corporation to take over their business. The trial judge found that the property insured was the property of the corporation, that there was an understanding between the plaintiff insurer and the defendant insured about the insurance carried.

No fraud or misrepresentation appears in the transaction. The relations between the parties appear to have been normal and satisfactory and no unwillingness on the part of the insurance company to insure the appellant, and no unwillingness on the part of the appellant corporation to receive such insurance. The exact name of the defendant corporation was not an inducement in the transaction. It could have been found, that regardless of the name used the appellant corporation and not the partnership mentioned, was the actual party contracting.

Under these circumstances, there being no issue of fraud, and the action being between the parties to the transaction, "the identity of the party in fact making the contract may be shown and the contract enforced by that party." *Associates Discount Corp.* v. *Haynes Garage,* 304 Mass. 526.

The effect of the application of the rule of the cases cited to the facts of the cases under consideration is that it may be shown who in fact was the party actually insured by this contract.

The facts set forth in the second request do not compel the giving of the ruling of law which is its conclusion. It assumes that the policies were never operative, whereas the trial judge's finding of fact is that they were in force. What has been said about the disposition of the first request applies to this request also. There was no error in its disposition.

The third request was denied. What has been said about

[ 6 ]

the preceding request is applicable here, also. There was no error in its denial.

The seventh request 'was properly denied. One who recovers in "proceedings to compel" reimbursement recovers in an action of contract, unless he brings a bill in equity. The insurance company in this case is suing on a contract which according to the cases cited entitles it to a recovery at law. The facts of the case, as reported, do not compel it to proceed otherwise.

What has been said about 'the first action disposes of the second action. If there was no defense to the first action, there was no basis for any recovery by the appellant from the insurance company on the same facts on the equitable count of money had and received. No prejudicial error appearing, the report is to be dismissed.